UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>　　　　　　Defendant. | Crim. Action No. 21-24-1 (EGS) |

**OPPOSITION OF MR. GIESWEIN TO GOVERNMENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States has requested a 60-day continuance of the prosecution of Robert Gieswein, the defendant in this case, which stems from the events of January 6th at the United States Capitol building. Gov't Mot. To Exclude ("Gov't Mot."), ECF No. 11. The government seeks to exclude that time from the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. As noted on the record at the status hearing on April 15, 2021, Mr. Gieswein opposes the government's motion. Through undersigned counsel, and at the invitation of the Court, Mr. Gieswein submits this memorandum to elaborate on his position.

## BACKGROUND

Robert Gieswein has been in continuous custody since January 18, 2021, the date that he surrendered to authorities in Colorado upon learning of a warrant for his arrest.[1] Nine days later, on January 27, and before his initial proceedings in Colorado had even concluded, the grand jury returned an indictment. Rule 5

---

[1] Federal agents executed the warrant on January 19. Arrest Warrant Return, ECF No. 5 at 1.

Documents, ECF No. 5 at 19-22 (Docket in U.S. Dist. Colorado Case No. 1:21-mj-00010-STV). The indictment charges Mr. Gieswein with one count of obstruction of an official proceeding, three counts of assault with a dangerous weapon, one count of destruction of government property, and one count of entering and remaining in a restricted building or grounds with a deadly or dangerous weapon. Indictment, ECF No. 3.

On January 29, the United States Magistrate Judge presiding in the District of Colorado ordered that Mr. Gieswein remain detained, and committed him to this district. Rule 5 Documents, ECF No. 5 at 18-22.

Two months later, federal authorities finally delivered Mr. Gieswein to the District of Columbia, and he had his initial appearance on March 29. Minute Entry, Mar. 29, 2021. He is being held at the District of Columbia Correctional Treatment Facility. Like others in his unit, he must generally remain in his cell, by himself, for 23 hours of every day.

On April 14, the government filed the instant motion. Gov't Mot., ECF No. 11. At a hearing before this Court on April 15, Mr. Gieswein entered a plea of not guilty, and requested a jury trial. He noted his opposition to the government's motion to exclude 60 days under the Speedy Trial Act, and the Court invited him to submit a brief setting forth his position.

## LEGAL BACKGROUND

The Speedy Trial Act generally requires trials to commence within 70 days of the filing of an indictment, or the appearance of the defendant "before a judicial officer

of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "The time limits of the Speedy Trial Act begin to run automatically rather than upon request," *New York v. Hill*, 528 U.S. 110, 117 n.2 (2000), and "a defendant may not prospectively waive the application of the Act." *Zedner v. United States*, 547 U.S. 489, 500 (2006).

However, it also provides that certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence[.]." § 3161(h). One such excludable period is:

> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . .

§ 3161(h)(7)(A). The Act goes on to set out several factors "among others, which a judge shall consider in determining whether to grant a continuance" on "ends of justice" grounds pursuant to § 3161(h)(7)(A). These include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .

3

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B). Finally, this portion of the Speedy Trial Act states that "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

Before granting an ends-of-justice continuance under the Speedy Trial Act, the Court must determine whether "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). As the Supreme Court has explained, this balancing of interests must be individualized: The ends-of-justice provision "gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for *case-specific* needs." *Zedner*, 547 U.S. at 499 (emphasis added).

### THE GOVERNMENT HAS NOT ESTABLISHED THAT THE ENDS OF JUSTICE REQUIRE TOLLING THE SPEEDY TRIAL ACT IN THIS CASE

**I. The government's charging decisions in hundreds of other cases does not diminish Mr. Gieswein's individual right to a speedy trial.**

The government asserts that the Court should exclude 60 days from the speedy trial clock to meet the "ends of justice," relying on Speedy Trial Act sections 3161(h)(7)(A)(i), (ii) and (iv). More particularly, the government cites (1) the number

4

of people – over 300 – that the government has chosen to charge in response to the events at the Capitol on January 6; (2) the volume of evidence related to those cases – as a group – that government investigators continue to gather, (3) the government's discovery obligations to all of the people it has charged, and (4) the complexity of the investigation following January 6. Gov't Mot., ECF No. 11 at 2-7. In short, the government relies on the size and complexity of its investigation of hundreds of people as grounds to delay one man's trial.

It goes without saying that the government has constitutional and statutory discovery obligations to every defendant it charges, including Mr. Gieswein. But the Speedy Trial Act does not authorize exclusion of time in this case based upon the considerations that are not specific to this case. *Zedner*, 547 U.S. at 499. And it is the government that has chosen to magnify the burden of meeting its demands in this (and other) cases by virtue of deciding to charge as many people as it has, to prosecute the range of conduct that it has, and to do it all at once (rather than phasing the prosecutions over a period of time, as permitted by applicable statutes of limitations). The government is the architect of its own misfortune; it should not be permitted to use that misfortune as an excuse to avoid the demands of the Speedy Trial Act.

Further, the government has recourse: It has already shifted personnel and resources to help manage these prosecutions. And Mr. Gieswein acknowledges the efforts the government notes that it is making to develop a comprehensive plan for dealing with the discovery across the January 6 cases. However, the government has

vast resources; it may shift more of them to these prosecutions. And it may also exercise its discretion in many other ways to relieve its self-imposed burden.

In sum, the government indisputably has the discretion to conclude that it was important to charge over 300 people very quickly after January 6. But if that is the case, then it is also important – and required by statute and constitution – that the government commit the resources necessary to ensure that defendants have both the discovery they need, and speedy trials.

## II. It is premature to exclude 60 days based on the individual circumstances of Mr. Gieswein's case that are apparent so far.

Turning to this case more specifically, it is true that the scope of discovery in individual cases may be a factor justifying a "complex case" designation, and a tolling of the statute. This was so in many of the cases the government cites in its motion. Gov't Mot., ECF No. 11 at 6-7. However, although the government's second production of discovery, delivered earlier this week, is of significant size, it is not yet clear whether it will take an especially long time to review (or whether it will reveal other issues that support the government's position).

What is clear is that most of the cases cited by the government also concerned multiple defendants, international conspiracies, and charges such as health care fraud, money laundering, or violation of federal securities laws. *Id.* And, so far, Mr. Gieswein's case does not appear likely to involve the sorts of challenges that typically arise in such cases. To the contrary, although this case may raise interesting factual and legal issues, Mr. Gieswein is charged alone, and most of the charges amount to

6

assault, destruction of property, and trespass. For these types of cases, "considerably less delay" may be tolerated. *See Barker v. Wingo*, 407 U.S. 514, 531 (1972) ("[T]he delay that can be tolerated for ordinary street crime is considerably less than for a serious, complex conspiracy charge.").

Mr. Gieswein might have a different position with respect to the Speedy Trial Act were he not in custody. And this should weigh on the Court's analysis too. Judge Bates acknowledged this in a memorandum opinion explaining his decisions to release a January 6 defendant, Federico Guillermo Klein, and to grant the government's motion to exclude time. Specifically, although Judge Bates granted the government's request to exclude some time, he noted that "the speedy trial analysis would be quite different were Klein to remain detained pretrial." Mem. Op., *United States v. Federico Guillermo Klein*, 1:21-cr-236- JDB (Apr. 12, 2021), ECF No. 29 at 26-27 n.11.

In sum, as he awaits trial in a cell that he can generally leave for no more than an hour a day, more than two months after the government indicted him, and roughly three months after he was taken into custody, Mr. Gieswein must oppose the government's motion.

## CONCLUSION

For these reasons, and in light of the record as a whole, Mr. Gieswein respectfully requests that the Court deny the government's motion to exclude time under the Speedy Trial Act.

If the Court is inclined to exclude any time, in the alternative, Mr. Gieswein respectfully requests that the Court exclude no more than 30 days, as Judge Bates did in *United States v. Klein*. Mem. Op., *United States v. Federico Guillermo Klein*, 1:21-cr-236-JDB (Apr. 12, 2021), ECF No. 29 at 27 (granting shorter continuance "to further monitor" the progress of discovery).

Finally, although the Court has scheduled time for oral argument on the government's motion, undersigned counsel has conferred with counsel for the government and is authorized to represent that neither party objects to foregoing oral argument on the government's motion if the Court does not find it necessary upon consideration of the government's motion, this opposition, and any reply the government may file. Accordingly, neither party would oppose the Court's ruling on the motion without further delay when it is fully briefed.

Respectfully submitted on April 23, 2021.

        **ROBERT GIESWEIN**
        by Counsel:

        Geremy C. Kamens
        Federal Public Defender

        by:_____s/_____
        Ann Mason Rigby
        DC Bar No. 491902
        Assistant Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia 22314
        Telephone: (703) 600-0869
        Facsimile: (703) 600-0880
        ann_rigby@fd.org