IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-mj-00010-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ROBERT GIESWEIN,

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on January 22, 2021.

The government is requesting detention in this case. The defendant contested detention. Both sides offered argument beyond the contents of the bail report. In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings and the Pretrial Services Report.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

>  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>  (2) the weight of the evidence against the person;
>
>  (3) the history and characteristics of the person including–
>
>  >  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>  >
>  >  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following: The defendant is charged with assault on a federal officer, destruction of government property and aiding and

abetting the same, obstruction of an official proceeding, accessing a restricted building or grounds, and violent entry or disorderly conduct. The actions arise out of the defendant's participation in the January 6, 2021, riot at the United States Capitol. Photographs from the day show the defendant dressed in paramilitary gear with a reinforced military vest and an army style helmet. He is seen holding a baseball bat and an aerosol spray. Photographs show the defendant spraying that aerosol can—suspected to be either bear spray or mace—at an officer. He is also seen picking up and shoving the barrier to the Capitol building. He is further seen appearing to encourage others to break a window to the Capitol building. That window was broken and rioters gained access to the Capitol through that window. The defendant is then photographed inside the building.

Given the photographic evidence, the evidence against the defendant appears strong. The defendant's attire and the fact that he armed himself with a baseball bat and mace demonstrate that he was preparing for a battle, as opposed to someone who came to peacefully protest and then became caught up in the emotions of the day. Based on these facts, I find that there are no conditions or combination of conditions that I can impose to assure the safety of the community. Accordingly,

IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

3

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   January 22, 2021                              BY THE COURT:

                                                                               s/ Scott T. Varholak
                                                                               United States Magistrate Judge