**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **No. 1:21-cr-24-1 (EGS)** |
| **v.** | **:** | |
| | **:** | |
| **ROBERT GIESWEIN,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR**
**REVOCATION OF DETENTION ORDER**

The government hereby files this sur-reply to the defendant's Motion for Revocation of

Detention Order.  Defendant's novel claim that he is not alleged to have "committed" destruction

of government property under the terms of the bail statute, despite the Grand Jury's finding of

probable cause to believe he committed destruction of government property, is belied by the text

of the statute, as well as decades of case law recognizing the abolition of any legal distinction

between a principal as aider and abettor.  The Court should consequently find that this case carries

a rebuttable presumption in favor of the defendant's pretrial incarceration.

**ARGUMENT**

I.      There is No Distinction Between Aider and Abettor and Principal in the Bail Statute

Since Congress passed 18 U.S.C. § 2, there has effectively been no distinction between

principals and aiders and abettors in federal criminal law.  *See*, *e.g.*, *Standefer v. United States*,

447 U.S. 10, 18-19 (1980), citing *Hammer v. United States*, 271 U.S. 620, 628 (1926).  Under § 2,

"those who provide knowing aid to persons committing federal crimes, with the intent to facilitate

the crime, are themselves committing a crime." *Rosemond v. United States*, 572 U.S. 65, 71 (2014).

*See also*, *e.g.*, *United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020) ("There is no

distinction between aiding and abetting the commission of a crime and committing the principal

offense. Aiding and abetting is simply an alternative theory of liability indistinct from the

1

substantive crime").  The defendant's reply offers the Court no reason to depart from this well-established rule, for purposes of 18 U.S.C. § 3142(e)(3) or otherwise.

It follows that an aider and abettor "commits" the offense when it is committed by the principal(s).  The case law in this Circuit and others also supports this view.  "Under [18 U.S.C. § 2], the acts of the perpetrator *become the acts* of the aider and abettor and the latter can be charged with having done the acts himself."  *United States v. Kegler*, 724 F.2d 190, 200-01 (D.C. Cir. 1983) (emphasis added); *see also In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("[T]he acts of the principal become those of the aider and abettor as a matter of law"); *United States v. Delpit*, 94 F.3d 1135, 1152 (8th Cir. 1996) (same).  If the acts of the principal become the acts of the aider and abettor, the aider an abettor has committed the offense under any reading of "committed."

To find an example of the word "committed" covering an aiding-and-abetting offense, the Court need look no further than 18 U.S.C. § 3142(e)(2), the neighboring subsection to (e)(3).  The defendant notes that § 3142(e)(2), in conjunction with § 3142(f)(1)(A), creates a rebuttable presumption for at least some crimes where a prior conviction was predicated on a vicarious liability theory.  *See* Reply at 4.  Section 3142(e)(2) also predicates the application of its presumption in part on the word "committed."  For a rebuttable presumption to apply under § 3142(e)(2), the defendant must be charged with a crime described in § 3142(f)(1) and:

> (A) The person has been convicted of a federal offense that is described in subsection (f)(1) of this section . . . ;
> (B) The offense described in subparagraph (A) *was committed* while the person was on release pending trial for a Federal, State, or local offense; *and*
> (C) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

Section 3142(e)(2) (emphasis added).  The defendant correctly notes that a rebuttable presumption may apply in situations where, for example, the defendant has previously been convicted of an offense for which the maximum sentence is life imprisonment or death, or of any felony that

involves a minor victim, and that this presumption can arise even if the defendant at issue was convicted of those previous crimes under an aiding and abetting theory. Reply at 4. Subparagraph (B) further clarifies that this rebuttable presumption only applies if the offense *was committed* while the person was on release pending trial. Thus, in this context, Congress intended the word "committed" to cover aiding-and-abetting offenses.

The defendant moreover misreads the application of the word "involves" in the bail statute. That word must be read in conjunction with "case" in subsection (f)(1) of Section 3142, which reads, "in a *case* that involves—" (emphasis added). The Court should contrast this language to the operative language of § 3142(e)(3), which refers to "probable cause to believe that the person committed—". The language of subsection (f)(1) refers to the entirety of a case, which can and often does include multiple charges and/or multiple types of offenses. A single "case," for example, can include a crime of violence, a nonviolent misdemeanor, a felony with a minor victim, and a crime punishable by life in prison all in a single indictment. In contrast, all the subparagraphs following the word "committed" in § 3142(e)(2) refer to a single "offense." *See* § 3142(e)(2)(A) – (E). The Court must likewise read "committed" in this context and in light of the decades of unambiguous case law explaining that there is no legal distinction between a principal and an aider and abettor. This Court must also presume that Congress knew the law, including case law regarding the lack of a legal distinction between principals and aiders and abettors when drafting the bail statute and that it acted accordingly. *See, e.g.*, *Washington Legal Foundation v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1450 (1994).[1]

---

[1]      The defendant does not grapple with the results that would follow if his interpretation of 18 U.S.C. § 3142(e)(3) were correct. Under the defendant's reading of the statute, there would be no rebuttable presumption of dangerousness and/or risk of flight if someone is charged with aiding and abetting the murder of a Member of Congress or the President (18 U.S.C. §§ 351, 1751); the destruction of a government building by means of explosive, resulting in death (§ 844(f)(3)); the killing of a person with a firearm in a federal facility (§ 930(c)); the killing of a foreign official (§ 1116); the willful destruction of a national defense premises with the intent to obstruct the national

II.      The Indictment and Evidence Establish that Gieswein Violated Section 1361

The defendant invites the Court to find that no presumption in favor of detention applies in this case, even the statute provides for the existence of that presumption, by essentially asking the Court to look behind the Grand Jury's probable cause determination. *See* Reply at 5.  The Court should not take the defendant up on that invitation.  The indictment unambiguously establishes probable cause to believe that the defendant violated 18 U.S.C. § 1361. *See*, *e.g.*, *United States v. King*, 842 F.2d 768, 776 (D.C. Cir. 1973) (return of an indictment "makes conclusive the existence of probable cause to hold the accused for further prosecution").[2]  Because the presumption applies to a defendant charged with a felony violation of 18 U.S.C. § 1361 under an aiding-and-abetting theory, and the Grand Jury has found probable cause to charge this defendant with that offense, the Court must apply the presumption.

Even if the Court decides to independently assess the evidence underlying the § 1361 charge in determining whether the presumption applies, that evidence does not aid the defendant's argument that he should be released.  "To aid and abet, all that is necessary is to show some affirmative participation which at least encourages the principal offender to commit the offense, with all its elements, as proscribed by the statute." *United States v. Kelly*, 552 F.3d 824, 831-32 (D.C. Cir. 2009).  Far from the mere "presence" claimed by the defendant, Mot. at  15, the government's evidence establishes, among other things, that (1) the defendant, aware that others

---

defense of the United States (§ 2155); or torture (§ 2340A), to provide just a few examples listed in § 2332b(g)(5)(B).

[2]      Chief Judge Howell and Judge Kelly have both relied on *King* to determine that a rebuttable presumption applies in a January 6 case where the defendant was charged by indictment with a violation of 18 U.S.C. § 1361 that contemplates a vicarious liability theory, and where the defendant disputed whether he had in fact violated that statute. *See United States v. Nordean*, No. 21-cr-175 (TJK) (3/3/2021 Hr'g Trans. before C.J. Howell at 72-74; 4/19/21 Hr'g Trans. before J. Kelly at 11-12).  Copies of transcripts of the relevant portions of those hearings are attached hereto as Exhibit 1.  The full transcript both hearings are available on PACER, 21-mj-195 (ZMF), ECF No. 24; 21-cr-175 (TJK), ECF No. 71.

around him were assaulting police officers while moving towards the Capitol façade, aided the

crowd's unlawful advance on the building by spraying an aerosol irritant at an officer on the top

of the stairway; (2) once the last police line protecting the Capitol building was breached minutes

later, the defendant ran towards the building with his baseball bat out and began banging on

windows; (3) he redirected other rioters—who were kicking on a door with little chance of

successfully breaking it down—towards the window that was in the process of being broken by

another rioter; (4) one of the people he redirected towards that window then put what appears to

be a 2x4 through a portion of it, finishing the job started by other rioters; and (5) the defendant

entered the Capitol through that broken window moments later.

## CONCLUSION

For the reasons stated above and in the government's opposition, along with any that may

be cited in a hearing, defendant's motion for revocation of detention order should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:      /s/ *Erik M. Kenerson*
Erik M. Kenerson
Assistant United States Attorney
Ohio Bar No. 82960
555 4th Street, N.W., Room 11-909
Washington, D.C. 20530
202-252-7201
Erik.Kenerson@usdoj.gov