```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
    * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,        )  Criminal Action
                                 )  No. MJ 21-195
vs.                              )
                                 )
ETHAN NORDEAN,                   )  March 3, 2021
                                 )  3:05 p.m.
             Defendant.          )  Washington, D.C.
    * * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE JUDGE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT CHIEF JUDGE**

_(All parties appearing via video-teleconference)_

**APPEARANCES**:

```
FOR THE UNITED STATES: JASON MCCULLOUGH
                       JAMES NELSON
                       United States Attorney's Office
                       for the District of Columbia
                       555 Fourth Street, NW
                       Washington, DC 20530
                       (202) 252-7233
                       Email: jason.mccullough2@usdoj.gov
                       Email: james.nelson@usdoj.gov

FOR THE DEFENDANT:     DAVID B. SMITH, ESQ.
                       NICHOLAS D. SMITH, ESQ.
                       108 North Alfred Street
                       Alexandria, Virginia 22314
                       (703) 548-8911
                       Email: dbs@davidbsmithpllc.com
                       Email: nbs@davidbsmithpllc.com

ALSO PRESENT:          SHAY HOLMAN, Pretrial Services
                       (Appearing telephonically)

Court Reporter:        Elizabeth SaintLoth, RPR, FCRR
                       Official Court Reporter
```

_This hearing was held via videoconference and is therefore
subject to the limitations associated with the use of
technological difficulties._

Proceedings reported by machine shorthand, transcript
produced by computer-aided transcription.

1    the intent of the conspiracy -- which it hasn't pleaded --
2    was to commit a depredation of property, and that Ethan
3    Nordean knew about that and was a party to that agreement;
4    it hasn't alleged that.
5           So, Your Honor, we think, sort of, vague claims
6    about taking back the Government, and that sort of thing,
7    does not -- it's not an aiding and abetting offense, and
8    it's not even a *Pinkerton* offense.
9           THE COURT:  All right.  I am prepared to rule.
10          There are two pending motions in front of me that
11   remain:  The Government's motion to review the Western
12   District of Washington magistrate judge's decision to
13   release the defendant pending trial, which was docketed at
14   ECF No. 6, and the defendant's motion to lift the stay,
15   which is docketed at ECF No. 13.
16          Under the Bail Reform Act, 18 U.S.C. Section
17   3145(b), if a person is ordered released by a magistrate
18   judge, the Government may file, with the court having
19   original jurisdiction over the offense, a motion of
20   revocation of the order or amendment of the release
21   conditions.  And the district court must make an independent
22   determination whether conditions of release exist that will
23   reasonably assure the defendant's appearance in court or the
24   safety of any other person or the community, under 18 U.S.C.
25   Section 3142(e).

1          Pretrial release is generally favored, except when
2    a rebuttable presumption applies and, under 18 U.S.C.
3    Section 3142(e)(2), where there is probable cause to believe
4    that the defendant committed an offense listed in 18 U.S.C.
5    Section 2332b(g)(5)(B), for which a maximum term of
6    imprisonment of 10 years or more is prescribed; it covers
7    the felony charge against this defendant under 18 U.S.C.
8    Section 1361, the Court must presume, unless the defendant
9    rebuts the presumption, that no condition or combination of
10   conditions will reasonably assure the appearance of the
11   defendant as required, and the safety of the community.  See
12   18 U.S.C. Section 3142(e)(3) and Federal Rule of Criminal
13   Procedure 46(a).
14          Once the presumption is triggered, it imposes on
15   the defendant, at a minimum, a burden or production to offer
16   some credible evidence that rebuts it.  See *U.S. v Taylor*, a
17   D.D.C. case from 2018.
18          Here, the grand jury has indicted the defendant,
19   as of today, for a felony violation of 18 U.S.C. Section
20   1361 and therefore found that probable cause exists to
21   believe he committed this crime.  See *U.S. v King,* 482 F.2d
22   768, jump cite 776, D.C. Circuit 1973, stating:  It is well
23   settled that the return of an indictment makes conclusive
24   the existence of probable cause to hold the accused for
25   further prosecution, closed quote.

1                For purposes of the detention hearing then, this
2    finding of PC for a felony 1361 charge is important since
3    this crime does trigger the rebuttable presumption of
4    detention under the Bail Reform Act, Section 3142(e)(3)(C).
5                The defendant in his papers disputed that
6    conclusion; but the statutory directives are clear because
7    the potential penalty of not more than 10 years under 1361
8    satisfies the 10-year threshold of 10 years or more under
9    3142(e)(3)(c) for a listed offense under Section
10   2332b(g)(5), so the rebuttable presumption does apply.
11               The parties also dispute whether 1361 qualifies as
12   a "crime of violence" that warrants a detention hearing
13   under 3142(f)(1)(A).  That dispute is somewhat beside the
14   point despite all of the papers spent on it in briefing,
15   since the felony 1361 charge not only qualifies for a
16   rebuttable presumption under 3142(e)(3) but, also, for a
17   hearing under 3142(f)(1)(A).
18               In any event, to my mind, a felony 1361 charge
19   does qualify as a crime of violence under the elements
20   clause which defines "crime of violence" as an offense that
21   has as an element of the offense the use, attempted use, or
22   threatened use of physical force against the person or
23   property of another; see 8 -- 18 U.S.C. 3156(a)(4)(A).
24               The conduct of locally injuring or committing any
25   depredation against any property of the United States seems

```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            CR Nos. 1:21-cr-00175-TJK-1
                                            1:21-cr-00175-TJK-2
v.
                                    Washington, D.C.
1-ETHAN NORDEAN                     Monday, April 19, 2021
2-JOSEPH RANDALL BIGGS,             12:00 p.m.

          Defendants.
- - - - - - - - - - - - - - - - - x
_____
                   TRANSCRIPT OF ORAL RULING
          HELD BEFORE THE HONORABLE TIMOTHY J. KELLY
                  UNITED STATES DISTRICT JUDGE
_____
APPEARANCES VIA VIDEOCONFERENCE:

For the United States:   Jason B. A. McCullough, Esq.
                         Luke M. Jones, Esq.
                         U.S. ATTORNEY'S OFFICE
                         555 4th Street, NW
                         Washington, DC 20530
                         (202) 252-7233

For the Defendants:      Nicholas D. Smith, Esq.
                         David B. Smith, Esq.
                         DAVID B. SMITH, PLLC
                         7 East 20th Street
                         Suite 4r
                         New York, NY 10003
                         (917) 902-3869

                         John D. Hull, IV, Esq.
                         HULL MCGUIRE PC
                         1420 N Street, NW
                         Washington, DC 20005
                         (202) 429-6520

Court Reporter:          Timothy R. Miller, RPR, CRR, NJ-CCR
                         Official Court Reporter
                         U.S. Courthouse, Room 6722
                         333 Constitution Avenue, NW
                         Washington, DC 20001
                         (202) 354-3111

Proceedings recorded by machine shorthand; transcript
produced by computer-aided transcription.
```

1    said that that is the correct standard.

2              Now, the Government mainly seeks to detain Nordean
3    and Biggs under 18 United States Code Section 3142(e)(3)(C)
4    which provides a rebuttable presumption of detention if
5    there is probable cause to believe that they committed,
6    quote, An offense listed in Section 2332b(g)(5)(B) of Title
7    18, United States Code, for which a maximum term of
8    imprisonment of 10 years or more is prescribed, closed
9    quote.  The grand jury found probable cause to believe that
10   they committed such an offense.  18 United States Code 1361,
11   destruction of government property, is the offense charged
12   in Count 4 of the superseding indicted -- indictment, and it
13   is specifically enumerated in 18 United States Code
14   2332b(g)(5)(B)(i).  Count 4 charges both defendants with the
15   felony variety of that offense, as it alleges that they,
16   quote, Together with those known and unknown aided and
17   abetted others known and unknown to forcibly enter the
18   Capitol and thereby caused damage to the building in an
19   amount more than $1,000, closed quote.  That felony offense
20   carries a maximum sentence of 10 years in prison.  And under
21   Circuit precedent, the return of that indictment, quote,
22   Makes conclusive the existence of probable cause to hold the
23   accused for further prosecution, closed quote.  That's
24   United States v. King, 482 F.2d 768 at 776, a D.C. Circuit
25   case from 1973.  Thus, the defendants are eligible for

1    detention and the rebuttable presumption arises, at least in
2    the first instance.
3            Now, defendants made a few arguments suggesting
4    that pretrial detention is unavailable to the Government as
5    a matter of law here because Count 4 is defective in some
6    way or because the evidence against Nordean and Biggs as to
7    Count 4 is weak.  And just a few points on that.  The
8    statute says there is a rebuttable presumption of detention
9    only if there is, quote, Probable cause, to believe --
10   closed quote, to believe that the defendants committed one
11   of the enumerated offenses which, as everyone here knows, is
12   a relatively low standard.  And, as I mentioned, King says
13   that the return of an indictment charging the offense,
14   quote, Makes conclusive the existence of probable cause to
15   hold the accused.  Now, I don't see anything obviously
16   defective with Count 4 as a matter of law, despite the
17   defendants' arguments, and whether the Government ends up
18   being able to prove felony destruction of property, whether
19   directly or on an aiding and abetting theory, against these
20   defendants really isn't the question before me here today.
21   In light of the text of the statute, though, and King, I
22   think pretrial detention is clearly available to the
23   Government, and the rebuttable does -- presumption does
24   arise under 18 United States Code Section 3142(e)(3)(C).
25           But I'll also point out that defendants are also