UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>            Defendant. | Crim. Action No. 21-24-1 (EGS) |

### MR. GIESWEIN'S MEMORANDUM IN SUPPORT OF PROPOSED ORDER

Consistent with the Court's ruling at the August 11, 2021 status hearing in this matter, Mr. Gieswein has today filed a proposed order consistent with the Court's August 11, 2021 oral order, through undersigned counsel. The government has not joined in the proposal. Robert Gieswein, through undersigned counsel, respectfully submits this memorandum to provide the Court with the background for the defense proposal.

On August 11, having considered the facts and arguments set forth in the government's memorandum regarding discovery (ECF 26-1), the defendant's opposition to the government's July 29, 2021 motion to exclude time under the Speedy Trial Act (ECF 30), the government's reply to that opposition (ECF 33), and the matters discussed at a status hearing held on August 11, 2021, the Court stated that "defense counsel should be on equal footing with the government. The government has an entity that is assisting it with compiling, analyzing, compartmentalizing discovery." Tr. of Aug. 11, 2021 Hr'g, at 28. Referring to an earlier statement that the

Court would issue an order requiring the government to fund "some sort of program or fund that entity that accomplishes the same objectives as Deloitte," *id.* at 6, the Court continued: "And what the Court did was to require the government to fund such an entity for purposes of enabling defense counsel to do exactly what the government is doing, to receive, to analyze, et cetera." *Id.* at 28. The Court further ordered the parties to submit language "clearly stat[ing . . .] that the government fund that entity by no later than whatever 30 days from today is and to address the Court's concerns." *Id.* at 28-29. And the Court added that its desire was "to get the entity in place first. I mean that would be a major accomplishment and that's what the Court will do." *Id.* at 29.

Following the August 11 hearing, undersigned counsel conferred with counsel for the government, particularly Emily A. Miller, the Capitol Breach Discovery Coordinator for the government, who was present at the August 11 hearing, and with leadership in the Federal Public Defender for the District of Columbia (DC FPD) and Defender Services Office (DSO) electronic discovery experts, including Sean Broderick, the National Litigation Support Administrator for the Administrative Office of the U.S. Courts, DSO. Undersigned counsel understands that other, related discussions took place among the representatives of the DC FPD, the DSO, and the government.

As Mr. Gieswein noted in a motion to continue filed on August 18, ECF. No. 39 (which the Court granted), these discussions were productive. As of that date, the government had already made certain commitments related to the Court's order,

2

listed in the motion, and sought another week to work through contracting and technical details raised by the Court's order. *Id.* at 2-6.

Undersigned counsel understands from the government, the DC FPD, and the DSO that those conversations did continue, including through last weekend, and that they were productive.

Indeed, the government's Memorandum Regarding Status of Discovery as of August 23, 2021, ECF No. 40 ("Aug. 23 Mem. re Discovery"), filed today in this and other cases, reflects that progress. In particular, the memorandum details progress in the development of a concrete plan for the "government to fund" systems that will "enable[e] defense counsel to do exactly what the government is doing, to receive, to analyze, et cetera," as this Court ordered on August 11. It appears that there is firm agreement that the government will fund at least most of the cost of providing the defense with licensed access to voluminous documents on wholly separate "defense Relativity workspace" (via the vendor Deloitte), and defense access to at least much of voluminous video evidence via licensed access to an evidence.com "instance" (via Axon Enterprise, Inc. ("Axon")). *See* Aug. 23 Mem. re Discovery at 3-5, 7-9.

Further, negotiations with Axon to modify its contract with the government have advanced quickly. The government "expect[s that its] contract with Axon will be modified expeditiously." *Id.* at 8. As such, the government is already in position to estimate that will be share with the "FPD's evidence.com instance within

3

approximately the next two weeks."[1] And it projects that it will "start rolling productions from 7,000 hours of footage that the US Capitol Police provided to the FBI within approximately the next four weeks." *Id.* at 9.

The government is also working on modifying a contract with Deloitte that will allow it to purchase and issue licenses to provide to the defense, and to other defendants' counsel. *See id.* at 4-5. The modification will eventually permit defense teams to access a "wholly separate defense Relativity workspace" on their own that contains what the government has in its Relativity workspace. *See id.* at 5-6.

In the meantime, the government commits to making productions to the defense from Relativity in the coming weeks using disclosure systems already in use (including USAfx). *Id.* at 5. This is welcome news. But it does not compensate for the fact that the government offers no projection for when those negotiations with Deloitte can be completed. This leaves the defense without a projection of when the defense will have its own access to everything the government puts into Relativity to allow the defense to conduct independent review, and to search for exculpatory material.

---

[1] If undersigned counsel understands correctly, the government suggests that it will not necessarily disclose these materials to the defense in two weeks even if that is technologically and contractually feasible at that point. The government states that "must take steps" to adequately protect this discovery before it can share it with the FPD, citing the Crime Victims Rights Act. Aug. 23. Mem. re Discovery at 8-9. However, that is not a technical or contracting issue related to this Court's August 11 oral order, but rather one of law subject to negotiation or litigation of a protective order.

4

Not being able to independently search for exculpatory material is a significant handicap to defendants, like Mr. Gieswein, who are preparing for trial. Further, it is undeniable that the significant progress the government has made in the last two weeks (especially the last week) follows on the heels of this Court's August 11 order, which imposed a deadline for the government to "fund [an entity] for purposes of enabling defense counsel to do exactly what the government is doing, to receive, to analyze, et cetera." Tr. of Aug. 11, 2021 Hr'g, at 28.

The significance of Mr. Gieswein's need for discovery, the government's obligations to make it available, the fact that it has been almost eight months since January 6, and the progress made in the last two weeks in the wake of the Court's August 11 oral order all support entering the defense's proposed order. This is the best way to ensure that progress continues at the same expeditious pace that it has since August 11.

In conversations with the undersigned counsel since August 11, the government has suggested that remaining details to be negotiated, contracting issues, and/or bureaucratic complications inherent in obtaining approval for large contracts, make it impossible for the government to finalize its contract modification with Deloitte by September 10. Again, to date, the government has not provided undersigned counsel or the Court with even an estimate of when this would be possible.[2] Still, considering the progress made in the last week especially, the defense

---

[2] On the other hand, the government's filing of this evening, a motion to reconsider, seems to suggest that it actually may be possible for the government to achieve this by September 10. *See* Gov. Motion for Reconsideration of Order

5

proposed order contemplates giving the government additional time to satisfy the Court's order, that is, until Thursday, September 16, the day before the next scheduled status conference in this case.

If the Court declines to enter the defense's proposed order, the defense respectfully requests that the Court impose other deadlines, and at least a requirement for the government to update the Court on dates certain, and no later than on September 16.

Respectfully submitted on August 25, 2021.

        **ROBERT GIESWEIN**
        by counsel:

        Geremy C. Kamens
        Federal Public Defender for the
        Eastern District of Virginia

        by:_____s/_____
        Ann Mason Rigby
        DC Bar No. 491902
        Assistant Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, Virginia 22314
        Telephone: (703) 600-0869
        Facsimile: (703) 600-0880
        ann_rigby@fd.org

---

Requiring Government to Fund Defense Discovery Vendor by September 10, 2021, ECF No. 41, at 6 ("We expect to have made considerable if not complete progress by September 10, 2021, and any failure to do so will be the result of currently unknown facts or to the need for on-going discussions about technical and contractual details required to ensure that defense access is meaningful.").