UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>          Defendant. | Crim. Action No. 21-24-(EGS) |

**MR. GIESWEIN'S MOTION FOR**
**A BILL OF PARTICULARS REGARDING COUNT ONE**

Robert Gieswein, through undersigned counsel, and pursuant to Rules 7(f) and (b) of the Federal Rules of Criminal Procedure (the "Rules"), respectfully requests that the Court order the government to provide him with a bill of particulars related to Count One of the Indictment, charging him with "obstruction of an official proceeding" under 18 U.S.C. § 1512(c)(2). Section 1512(c)(2) makes it illegal to "corruptly" "otherwise obstruct, influence, or impede" "any official proceeding," or to attempt to do so.

The indictment alleges that, on or about January 6, 2021, in the District of Columbia and elsewhere, Mr. Gieswein

> attempted to, and did, corruptly obstruct, influence, and impede an official proceeding; that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority, committing an act of civil disorder, and engaging in disorderly and disruptive conduct.

Indictment, ECF No. 3. This does not in any meaningful way describe *how* Mr. Gieswein corruptly obstructed an official proceeding. As such, Mr. Gieswein does not know, with the sufficient clarity, the exact crime he must prepare to defend against.

## I.   And indictment must apprise defendants of the nature of the charges against them.

The Court of Appeals for the District of Columbia Circuit has long held that an indictment that fails to describe the acts of the defendant that constitute the offenses charged in any meaningful way is insufficient to notify a defendant of the nature of the accusations against him. In *United States v. Hillie*, a district court relied on this authority to hold that a child pornography indictment that "did not contain any facts that describe the conduct of Hillie's that the government believes to constitute criminal behavior" failed to provide notice of the factual bases for the charges, and failed to provide adequate protection of the defendant's double jeopardy rights. *Hillie*, 227 F. Supp. 3d 57, 71 (D.D.C. 2017). One case the district court relied on to reach this conclusion was *United States v. Hunter*, 47 App. D.C. 406 (D.C. Cir. 1918).[1] In *Hunter*, the Court of Appeals for the District of Columbia Circuit considered an indictment charging violation of the unlawful assembly statute that alleged that the defendants had "congregate[d] and assemble[d] on Pennsylvania avenue, N.W., [and] did then and there crowd, obstruct, and incommode the free use of the sidewalk thereof on said avenue." 47 App. D.C. at 408. The court found that the indictment

---

[1] As the district court pointed out in *Hillie*, "at the time Hunter was decided, the federal appellate court we know today as the 'United States Court of Appeals for the District of Columbia Circuit' was called the 'Court of Appeals of the District of Columbia.'" Hillie, 227 F.Supp.3d at 74.

was fatally flawed because it was devoid of any fact "to inform defendants of the nature of the acts which [were] relied upon by the prosecution as constituting alleged obstruction of the sidewalk, or that would enable defendants to make an intelligent defense, much less to advise the court of the sufficiency of the charge in law to support a conviction." *Id.* at 410.

If an indictment's lack of particularity is not fatal, Federal Rule of Criminal Procedure 7(f) provides that the Court may nevertheless direct the filing of a bill of particulars upon the motion of a defendant. Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to apprise defendants of the nature of the charges against them so as to ensure that they: (1) understand the charges, (2) can prepare a defense, (3) can avoid prejudicial surprise at trial, and (4) can be protected against retrial for the same offense. *See United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987).

## II.    A bill of particulars is needed here to inform both Mr. Gieswein and the court of the government's theory.

Count One of Mr. Gieswein's indictment contains many of the same flaws as the indictment in *Hunter*. First, it fails to allege what proceeding he allegedly obstructed. Even if the Court concludes that the affidavit and the record provide sufficient notice that Mr. Gieswein is alleged to have obstructed the counting of electoral votes that took place on January 6, 2020, the government should be required to assert what portion or portions of the day-long congressional proceedings the government believes to qualify as the "official proceeding" at issue. Second, the indictment fails to allege what "act[s] of civil disorder," and "disorderly and disruptive conduct" allegedly obstructed proceedings. *See Hunter*, 227 F. Supp. 3d at 409 (noting

that indictment that failed to "inform the defendants of the nature of the acts" that

allegedly constituted "obstruction of the sidewalk" lacked sufficient particularity).

"Act[s] of civil disorder," and "disorderly and disruptive conduct" are very broad

terms, encompassing innumerable specific actions. Without knowing exactly what

acts the government intends to prove as falling within those terms, and where and

when they took place, and what portion of the day's events were "obstructed,

influenced, or impeded" by which actions, Mr. Gieswein does not have the required

"notice of the *exact* crime which he is alleged to have committed." *Id.* Third, the

indictment fails to provide notice of how Mr. Gieswein allegedly acted "corruptly."

**III.    A bill of particulars is needed to provide clarity as to the government's theory on Count One.**

This lack of clarity about the government's theory is all the more troubling

given that government is making novel use of Section 1512 to prosecute offenses

unrelated to the administration of justice.  As such, as set forth in a separate motion

to dismiss Count One, Mr. Gieswein's position is that what he believes the

government intends to prove with respect to Count One is not really a violation of  18

U.S.C. § 1512(c)(2).

But, as Judge Friedrich pointed out recently, the lack of particularity in the

government's obstruction charges in these cases also makes it difficult for the district

courts to even assess the sufficiency of the charges. At an oral argument on another

defendant's Motion to Dismiss this count in *United States v. Reffitt,* Judge Friedrich

*sua sponte* ordered the government to provide a bill of particulars on this ground:

> I'm going to request the government to provide a bill of
> particulars, because it is not really clear to me what your
> theories are and what you think the facts that you're going
> to prove support in terms of obstruction.

Min. Order, *United States v. Reffitt*, 21-CR-32 (D.D.C); *see also* Nov. 19, 2021 Hr'g Tr.

at 22.[2]

Following oral argument in which the government attempted to articulate a theory

for charging felony obstruction in that case, Judge Friedrich repeated his order:

> This is why we need more clarity in a bill of particulars,
> because your theory is shifting somewhat. I'm not
> criticizing you for it, but I think in order to resolve this
> motion, I need to understand what theory is.

*Id.* at 54.

The charge in Count One of the Indictment in this case tracks the language in

the Reffitt case. As such, Mr. Gieswein agrees that a bill of particulars would help

the Court assess the sufficiency of the charge. *See Hunter*, 47 App. D.C. at 410 (noting

that particularity in indictment is important "so that [the court] may decide whether

[the allegations] are sufficient in law to support a conviction").

## CONCLUSION

For the foregoing reasons, Mr. Gieswein respectfully requests that the Court

grant this Motion and order the Government to provide a bill of particulars that

specifically details the information requested herein.

---

[2] Rather than attempt to characterize the Court's questioning and the government's
responses, which span many pages, undersigned counsel has attached a transcript of
the argument for this Court's review and respectfully refers the Court to the
transcript for a discussion of the obstruction count.  *See* Exhibit 1.

Respectfully submitted on December 1, 2021.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Ann Mason Rigby
DC Bar No. 491902

Elizabeth A. Mullin
DC Bar No. 484020

Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org