**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-24 (EGS)** |
| | : | |
| **ROBERT GIESWEIN,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTION IN *LIMINE* TO PRECLUDE CERTAIN DEFENSE ARGUMENTS AND EVIDENCE

In accordance with the Court's Order during the hearing of November 16, 2021, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motions in *limine* to preclude the following defense arguments and admission of evidence during trial in this case.

**Motion in *Limine* No. 1**: To Preclude Defendant from Arguing Entrapment by Estoppel, *i.e.*, that Former President Trump Gave Permission to Defendant

The government moves in *limine* to prohibit Defendant from making arguments or attempting to introduce non-relevant evidence that former President Trump gave permission for Defendant to attack the U.S. Capitol.

As a threshold matter, the defense of entrapment by estoppel on "applies to a defendant who reasonably relies on the assurance of a government official that specified conduct will not violate the law." *United States v. Alvarado*, 808 F.3d 474, 484–85 (11th Cir. 2015). Such reliance must be "objectively reasonable." *United States v. Barker*, 546 F.2d 940, 948 (D.C. Cir. 1976); *United States v. Votrobek*, 847 F.3d 1335, 1344 (11th Cir. 2017). Here, Defendant cannot make any credible claim that he understood his conduct to be lawful. He advanced on the U.S. Capitol wearing a helmet and armed with a baseball bat and pepper spray. He assaulted law enforcement officers with pepper spray before ultimately climbing through a broken window to enter the

Capitol and further interfering with and assaulting law enforcement officers. There is no rational claim that Defendant believed that such conduct was lawful.

Setting Defendant's own conduct aside, it is objectively unreasonable to conclude that President Trump could authorize citizens to interfere with the Electoral College proceedings that were being conducted at the Capitol. Indeed, the Supreme Court has made clear that an entrapment by estoppel defense is not available in cases where a government official's directive constitutes a "waiver of law" beyond the official's lawful authority. *Cox v. Louisiana*, 379 U.S. 559 (1965) (Drawing an "obvious[]" distinction between identifying an area for lawful protest and "allowing one to commit, for example, murder or robbery."). Any "instruction" from a President to wage an unlawful assault on the Legislative branch of government would exceed the President's constitutional authority. *Id.*, citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 588–89, 614 (1952) (enjoining actions taken by the President that exceeded his constitutional powers). This is because "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters." *United States v. Chrestman*, 525 F. Supp. 3d 14, 32 (D.D.C. 2021) (Howell, C.J.). Accordingly, any such argument would be *per se* unreasonable.

Here, Defendant's conduct plainly ran afoul of the criminal law. Defendant's assault on the Capitol and the law enforcement officers attempting to defend it—while armed with such objects as a baseball bat and pepper spray—is plainly beyond any conduct that could be reasonably sanctioned. Defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that former President Trump authorized Defendant's conduct at the Capitol.

**Motion in *Limine* No. 2**:   To Preclude Defendant from Arguing or Commenting in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial

Defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification.  As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983).  Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas, which are not relevant to the issues under consideration by the jury, and which could serve as an improper invitation for the jury to nullify its fact-finding and conclusions under the law.

A. <u>Conditions at the D.C. Jail</u>

Defendant has raised conditions at the Central Detention Facility (CDF) and Central Treatment Facility (CTF) of the D.C. Jail in his Motion to Reopen Detention Hearing (ECF 57). The government will set forth its response to that motion under separate cover. With respect to evidence that may be admissible at trial, the government asserts that such conditions are not relevant to any question before the jury. Any attempt to raise or suggest that the Defendant has been subject to unsafe or unsanitary conditions while incarcerated should be viewed as an effort

to trigger the jury to consider an improper, emotional basis in reaching a verdict. *See United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013); *United States v. Ausby,* 2019 WL 7037605, at *10 (D.D.C. Dec. 20, 2019) (slip opinion). Such evidence only serves to inflame the passions of the jury and is properly viewed as an invitation for the jury to engage in nullification.

B. Statements Regarding Punishment and the Collateral Consequences of Prison

Defendant may face significant prison time were he to be found guilty here, and Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue of the hardships of prison or the possibility that a significant portion of his life as a young adult may be spent in prison. These circumstances have no bearing on the Defendant's guilt and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

**Motion in *Limine* No. 3**:   To Admit Defendant's Statement of Intent Regarding the Attack on the Capitol

During the course of Defendant's unlawful conduct at the Capitol on January 6, the Defendant made a statement in response to a reporter's question. Specifically, the Defendant engaged in the following exchange, in sum and substance:

Interviewer: How you doing, brother?

Mr. Gieswein: Hey, this is fucking crazy [indiscernible]. I would die for this.

Interviewer: Hey, what's the solution to this right here, man?

Mr. Gieswein: To execute these fascists.

The government intends to introduce this statement as a statement of the Defendant under Fed. R. Evid. 803(d)(2). The statement is relevant, substantive evidence of the defendant's intent on January 6, 2021. Specifically, to prevail on Count 1, the government must prove that the defendant acted "corruptly," as that term is defined in 18 U.S.C. § 1512(c), which courts have interpreted to require proof of intent to obstruct and wrongfulness. *See United States v. Delgado*, 984 F.3d 435, 452 (5th Cir. 2021); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (to act "corruptly" is to act "with an improper purpose" and "with the specific intent to subvert, impede or obstruct") (quoting *United States v. Mintmire*, 507 F.3d 1273, 1289 (11th Cir. 2007)); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013) (same); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013) (upholding jury instruction defining "corruptly" as acting with "consciousness of wrongdoing") (internal quotation marks omitted); *United States v. Mann*, 701 F.3d 274, 307 (8th Cir. 2012) (same). Courts interpreting the neighboring provision, Section 1512(c)(1), have reached similar conclusions. *See United States v. Bedoy*, 827 F.3d 495, 510 (5th Cir. 2016) (a "proper definition" of "corruptly" for purposes of Section 1512(c)(1) is to act "knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice") (internal quotation marks omitted); *United States v. Matthews*, 505 F.3d 698, 705 (7th Cir. 2007) (upholding instruction defining "[c]orruptly" in Section 1512(c)(1) as acting "with the purpose of wrongfully impeding the due administration of justice"); *cf.* Seventh Circuit Pattern Criminal Jury Instruction for § 1512(c) ("A person acts 'corruptly' if he or she acts with the purpose of wrongfully impeding the due administration of justice.").

The evidence is also relevant to the defendant's intent to assault officers. As can be seen in the video evidence, when the defendant sprayed officers there were other civilians in the immediate vicinity. Defendant's words are powerful evidence that the defendant was not taking aim at other

actors in the crowd, but rather, those law enforcement officers who were defending the occupants of the Capitol.

The Court may only exclude relevant evidence "if its probative value is substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay wasting time, or needlessly presenting cumulative evidence." Fed. R. Crim. P. 403. The probative value of this evidence of the defendant's intent—a statement he made as the riot outside the Capitol building was ongoing—has extremely high probative value as to the intent underlying the defendant's conduct on January 6, including his assaults on officers, his entry into the Capitol, and what he aimed to accomplish that day. This evidence is especially relevant where the government expects the defendant to argue that he was in a defensive posture on January 6. *See* Motion for Hearing and Revocation of Detention Order, ECF No. 18, at 23 (arguing that the defendant's paramilitary gear was "*defensive*, not aggressive") (emphasis in original) and that his comments from January 5th were consistent with wanting to defend against expected left-wing violence).

**Motion in *Limine* No. 4**:   To Preclude Defendant from Arguing Self Defense or Defense of Others

To establish a prima facie case of self-defense, Defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." *United States v. Cramer*, 532 Fed.Appx. 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

Here, the Defendant will not be able to put forth any evidence that he had a reasonable

belief that his actions were necessary to defend himself against the immediate use of unlawful force. Defendant's own statements of intent and actions undermine any claim that Defendant had a reasonable belief that he was engaged in an act of defending himself. Likewise, Defendant's persistent and unrelenting effort to push forward and inside the Capitol belies any claim that Defendant was engaged in conduct that the Defendant reasonably believed was *necessary* to protect himself against unlawful force.

Through his words and actions, the Defendant made plain his intent. The Court should exclude any testimony and evidence purporting to assert a claim of self-defense.

**CONCLUSION**

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). The government presents these issues to the Court in an effort to prepare this case for an efficient trial. For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motion in *limine* no. 1 – 4, as set forth herein.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

*/s/ Erik M. Kenerson*___________

ERIK M. KENERSON
Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006; NY Bar No. 4544953
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
202 252-7201 // Erik.Kenerson@usdoj.gov
202 252-7233 // Jason.McCullough2@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, by virtue of the Court's ECF system, a copy of the foregoing Motion in *Limine* of the United States to Preclude Certain Defense Arguments and Evidence has been sent to counsel for the defendant on December 1, 2021

By: */s/ Jason McCullough*
JASON B.A. McCULLOUGH
Assistant United States Attorney