**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-24 (EGS)** |
| | : | |
| **ROBERT GIESWEIN,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
ASSAULT CHARGES OR FOR A BILL OF PARTICULARS AND DISCOVERY
RELATING TO GRAND JURY PROCEEDINGS REGARDING THESE CHARGES**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby respectfully submits this opposition to the Defendant's Motion to

Dismiss Counts Two, Three, and Four, or in the alternative for a bill of particulars. ECF No. 61.

Contrary to defendant's assertion, the Indictment sets forth "a plain, concise, and definite

written statement of the essential facts constituting the offense charge" and it specifies all of the

elements of the offense. For the reasons explained herein, the Indictment is Constitutionally sound

and there is no basis to dismiss any of the counts. To the extent that defendant requires further

specificity of the criminal conduct at issue in Counts Two – Four, the government will provide the

necessary information in response to a bill of particulars. The government notes that, despite the

defendant's claim of a need for further information to defend himself, the defendant demonstrates

a thorough understanding of the defendant's conduct for which he stands charged. *See*, *e.g.*, ECF

61 at n.4. A bill of particulars is not a device to be employed to "allow[] the defense to preview

the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C.

1999). As defendant notes, the government continues to produce discovery, and the government

1

"has agreed to provide the defense with all witness names subject to certain strictures yet to be finalized." Mot. at 13-14. Included in that disclosure will be the identities of the officers involved in the three incidents. No further elaboration by the government is necessary. It will be for the trial jury to consider the defendant's conduct, which has been specifically identified, and come to a unanimous determination of the defendant's guilt.

## LEGAL PRINCIPLES

Federal Rule of Criminal Procedure 7(c)(1) requires only that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and that it "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  To fairly inform the defendant of the charges against the him, the indictment must contain allegations of "the very core of criminality" under the statute(s) with which he is charged.  *See*, *e.g.*, *United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018), citing *Russell v. United States*, 369 U.S. 749, 764 (1962).

"A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges."  *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  Whether a bill of particulars is appropriate lies within this Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193.  (D.C. Cir. 1987). A bill of particulars should thus be granted only when "necessary to prevent unfair surprise at trial." *United States v. Hsin-Yung*, 97 F. Supp.

2d 24, 36-37 (D.D.C. 2000) (internal quotation omitted). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Butler*, 822 F.2d at 1193; see *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

Here, Counts Two – Four allege that the defendant did forcibly assault, resist, oppose, impede, intimidate, and interfere with officers from the United States Capitol Police, while such officers were engaged in and on account of the performance of official duties.[1] The language

---

[1] The defendant wrongly claims that each of Counts Two – Four "use the exact same language." ECF 61 at 1. Count Four identifies an individual officer, "N.V.", as the officer from the United States Capitol Police who the defendant did forcibly assault, resist, oppose, intimidate, and interfere with using an aerosol irritant spray and baseball bat, whereas Counts Three and Four identify the victims as "officers from the United States Capitol Police." ECF 3.

provides the defendant with notice of the charges against him and the ability to later plead a double-jeopardy defense if necessary.

## ARGUMENT

Because the Indictment as filed is sufficient to apprise the defendant of the charges against him and to protect against a successive prosecution, the Court should decline to dismiss it.

As the defendant concedes, he has known the specific conduct for which he stands charged for Counts Two – Four since at least April 2021, including the approximate location and time at which each took place. Indeed, unlike many other assault cases, the defendant is in possession of video that depicts the unlawful conduct at issue for Counts Two and Three. *See* Mot. at 12-13. The defendant also acknowledges possession of a witness statements that describe the defendant's unlawful conduct underlying Count Four. *Id.*

Furthermore, the parties have engaged in extensive briefing and argument before this Court on a motion to revoke the magistrate judge's detention order, which included the government providing a factual recitation of the charges, and which further led to oral argument and a 54-page opinion from this Court. *See* ECF Nos. 18, 19, 21, 28, 29. This, along with the discovery provided to date, undoubtedly allows the defendant to mount a defense, avoid surprise at trial and to assert a double-jeopardy defense in the event of successive prosecutions. To the extent the defendant remains confused about the assaults with which he is charged, that confusion can be cured through additional discovery and/or a bill of particulars regarding the identities of officers.[2]

I.      The Names of the Officer-Victims Are Not Core to the Criminal Conduct.

---

[2]      To the extent a bill of particulars is necessary on these facts, it is only as to the identity of the victim-officers, as the other issues the defendant raises (*e.g.* the time and place of the assaults) have been adequately addressed in the record of this case and discovery provided to date, for the reasons outlined below.

The indictment here is not invalid or Constitutionally infirm.  The defendant complains that the indictment does not provide the name of the victim. An indictment need not provide the name of the victim because, among other things, the name of the victim is not an element of the offense. *See United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) ("The lack of specific identification of the victims does not make the indictment insufficient."). For example, in *United States v. Melendez-Colon*, 417 Fed. App'x 320, 321-322 (4th Cir. 2011) (per curiam) (unpublished), the Fourth Circuit held that an indictment charging two counts of assault was not defective for "fail[ing] to name the victim in either count," and "that the indictment's failure to name the victims will not preclude [the defendant] from raising double jeopardy as a defense to any future prosecutions for the assaults." In *United States v. Figueroa*, No. 14-00672 (SRC), 2021 WL 1661202, at *9 (D.N.J. 2021), another prosecution under Section 111(a)(1), the court rejected a similar Rule 12 argument. The court there found that the indictment was sufficiently specific insofar as it had identified the assault victim as "an employee of the United States, namely Victim 2, an employee of the United States National Park Service." *Id.* It is the status of the victim, and not the victim's name, that is the element of the offense.

The indictment here identifies the victims as "officers from the United States Capitol Police." Such identification sufficiently meets the threshold required for an indictment and puts the defendant on fair notice as to the nature of the charges. The defendant claims that the names of the officers "go to the core of the criminality" charged (Mot. at 7), but he cites no case and makes no substantive argument as to why that is so.  Indeed, the cases he cites—*Russell v. United States* and *United States v. Williamson*—foreclose that conclusion.  The statute at issue in *Russell* criminalized refusing to answer Congressional questions "*pertinent* to the question under inquiry" (emphasis added), which rendered the subject matter under inquiry core to the criminal conduct.

*See Russell*, 369 U.S. at 764.  In stark contrast, the assault statute requires that the victim be a federal law enforcement officer engaged in the performance of his official duties (both of which are pled in the indictment in this case), but nowhere mentions the officer's specific identity.  As such, the identity is not core criminal conduct.[3]

*Williamson* recognized that the government is not required to plead the specific official duties the victim of a threat was performing at the time, because the specific duties do not go to the core of the criminality of that statute. 903 F.3d at 316. Similarly, the core of criminality of the assault statute charged in the Indictment includes the assaultive conduct and the *status* of the victim as a federal law enforcement officer, but not that victim's identity.  Indeed, the elements of a violation of 18 U.S.C. § 111(b), as provided in *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), and relied upon by the defendant (Mot. at 6), specify that the government must prove that the defendant took certain actions against a federal law enforcement officer, while that officer was performing his official duties, and that the defendant used a dangerous weapon, among others. But they do not list the identity of the victim as an essential element.  *Arrington*, 309 F.3d at 44. There is accordingly no support for the defendant's proposition that the identity of the victim of the assault goes to the "core criminal conduct" at issue.

The defendant cites *United States v. Tomasetta*, 429 F.2d 978, 980 (1st Cir. 1970), in support of his request for specificity. Mot. at 4. However, in considering the issues there—in a loan sharking case—the First Circuit identified multiple deficiencies and "stress[ed] that no one

---

[3]     Defendant's reliance on *Nance* is equally inapposite. Mot. at 5 (citing *United States v. Nance*, 533 F.2d 699, 700 (D.C. Cir. 1976)). There, the D.C. Circuit came to the unremarkable conclusion that the core criminal conduct in false pretenses charges is the false representation. *Id.* Accordingly, in *Nance*, the D.C. Circuit dismissed false pretenses charges due the indictment's failure to identify any false representations in connection with eight different counts of wire fraud. *Id.* at 700, n.3, n.5 (explaining that the indictment stated that defendants "made and caused to be made the following representations" and then failed to list any of the "following representations").

factor [was] determinative" in assessing an indictment. *Tomasetta*, 429 F.2d at 980. The First

Circuit explained that the "failure to name the victim . . . might not alone have led to [dismissal]."

*Id.* In a later case, the First Circuit clarified that *Tomasetta*, "did not, however, establish an

inflexible floor of information required for a valid indictment. On the contrary we stated therein

that "arbitrary rules as to the necessity . . . of a given averment have no place in the analysis, as

the question is whether the indictment as a whole conveys sufficient information to properly

identify" the allegedly unlawful conduct. *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991)

(quoting *Tomasetta*, 429 F.2d at 979).

Counts Two – Four provide the date and location of the acts alleged, identify the victims

as members of the U.S. Capitol Police, provide that the assaults involved the use of an aerosol and

irritant spray and a bat. Indictment Counts 2 - 4. The defendant's citations to *Russell v. United*

*States*, 369 U.S. 749, 770 (1962) and *United States v. Hillie*, 227 F. Supp. 3d 57, 81 (D.D.C. 2017)

(Brown-Jackson, J.), see Mot. at 14, in an attempt to argue the opposite, is unavailing.   The

deficiency in the *Russell* indictment went to the core of the criminal conduct—in that case, the

subject matter under inquiry from Congress.  The Indictment in this case, by contrast, captures the

core of the defendant's criminal conduct: it alleges that he assaulted federal officers with a

dangerous weapon.  Russell moreover reaffirms that the defendant will be able to point to the entire

record, and not just the indictment, in the event he must mount a double-jeopardy challenge.

*Russell*, 369 U.S. at 749.

*Hillie* recognized that "there are certain criminal offenses in which the statutory text is

worded so narrowly that a statement of the elements provides the defendant with sufficient notice

of the acts that constitute the specific offense charged against him, and that in such a case an

indictment parroting the language of a federal criminal statute is often sufficient." *Hillie*, 227 F.

Supp. 3d at 74.  It also held that the overlapping long-term child pornography counts at issue before

it fell into a different category, where pleading with more specificity is required.  *Id*. at 74-75.  The

assault charges at issue in this motion fall into the former category and thus outside of the concerns

addressed by Judge Brown-Jackson in *Hillie*.  *See Williamson*, 903 F.3d at 131-32 (indictment

under federal threats statute—which the defendant argues (Mot. at 6) is analogous to the assault

statute—was sufficient where it parroted the statutory language).[4]   In this case, the Indictment is

sufficient, and if the defendant requires additional clarification, that clarification can be provided

through a bill of particulars or discovery.[5]

      The defendant also relies on the D.C. Circuit's decision in *United States v. Williamson*, that

an indictment is sufficient if it "parrot[s] the statutory language and specif[ies] the time and place

of the identity of the threatened officer," 903 F.3d 124, 130-31 (D.C. Cir. 2018); Mot. at 7, to argue

that the government's Indictment here is deficient. The defendant fails to mention that the "time

and place" of the *Williamson* indictment were just as specific as the time and place of the

indictment here—both include solely the date of the offense (with "on or about" language) and the

fact that the offense was committed in the District of Columbia.  *Compare Williamson*, 903 F.3d

at 130, *with* Indictment, Counts 2, 3, and 4.

II.    <u>The Indictment Allows the Defendant to Plead Double Jeopardy If Necessary</u>

      Counts Two – Four need not be more specific, for either Rule 12 or Rule 7 purposes, or to

provide the defendant with the ability to mount a double-jeopardy defense. "[A]n indictment need

---

[4]     In other contexts, the defendant has relied on the alleged simplicity of the charges here to argue that the charges are so simple that the Court should not toll the running of the speedy trial clock.  *See* ECF No. 17 at 6-7 (arguing that the simple nature of the charges against the defendant allow for less delay under the Speedy Trial Act).

[5]     In the event the Court decides that the indictment is deficient and must be dismissed, the government asks that the Court hold its decision in abeyance for two weeks to allow the government to seek a superseding indictment.  *See Hillie*, 227 F. Supp. 3d at 81-82.

do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013) (internal quotation omitted).

Of course the defendant is correct that the events of January 6, 2021, "took place over many hours on January 6, and in many locations in and around the United States Capitol." Mot. at 7. But he cannot credibly claim that does not in fact understand which specific incidents at the Capitol led to his assault charges, or that he will be unable to mount a double-jeopardy defense on the entire record of this case. As he notes in his motion (at 12-13), the government provided specificity to his counsel by email soon after she entered her appearance in the case and has since provided discovery substantiating those counts. The government has additionally provided context of these assaults in the detention litigation in this case, providing a still shot from a video of the assault underlying Count Two, along with the fact that this occurred after 1:48 p.m., but before 2:14 p.m. *See* ECF No. 20 at 5-7. The government similarly provided a still shot of the assault underlying Count Three and the fact that it occurred at approximately 2:29 p.m. *See id.* at 8-9. It has provided and relied upon a witness statement describing the assault underlying Count Four, and it stated in a pleading that this assault occurred in the Capitol Visitor Center after the assault underlying Count Three. *Id.* at 10 & ECF No. 20-2. The government has additionally provided the defense in discovery with surveillance video from the Capitol Visitor Center that shows the defendant in the moments after the assault underlying Count Four, which contains time stamps. This detail is not required to be provided in the indictment, but it does allow him to prepare for trial and to mount a later double-jeopardy defense, if necessary.[6]

---

[6]   The defendant's concern about the potential for double jeopardy in the jury's verdict in this case can be addressed through jury instructions and a specific verdict form.

III.   The Indictment Does Not Call Into Question the Grand Jury's Findings

The cases cited by the defendant in support of his argument that the indictment as written does not adequately show what the grand jury found are inapposite to these facts.  In all of the cases cited by the defendant, the indictment left out an essential element of the crime or a fact that went to the core criminality at issue in that case.  *See Russell*, 369 U.S. at 764 (pertinence of question to subject under inquiry core to criminal conduct under the statute); *United States v. Nance*, 533 F.2d 699, 701 (D.C. Cir. 1976) (false representations are core of the offense of false pretenses); *Hillie*, 227 F. Supp. 3d at 74 (government failed to allege the nature of the sexual acts at issue in a child pornography case).  By contrast, as noted above, the identity of the victims of these offenses are *not* core to the criminality at issue and are not an element of the offense that must be alleged for the indictment to be valid.  *See Arrington*, 309 F.3d at 44 (listing elements of a violation of 18 U.S.C. § 111(b), which do not include identity of victim; *Williamson*, 903 F.3d at 316 (specific federal function being performed by victim not core to offense of threats against a federal officer).  Because the identity of the officer-victims is not core to the criminality here, the defendant's argument that the indictment should be dismissed because it is possible that the grand jury was not provided with the identities of those officers must fail.  *See* Mot. at 14-15.

Similarly, even if the Court assumes *arguendo* that the defendant is correct in representing that "the evidence that the government has disclosed relating to the assaults alleged in Counts Two and Three does not show spray reaching *anyone*, let alone anyone who appears to be a federal law enforcement officer," (Mot. at 15 (emphasis in original)), it does not render those counts of the indictment deficient.  To prove a violation of 18 U.S.C. § 111, the government does not need to show that the spray the defendant used actually reached the federal officers.  The statute

criminalizes any action that "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a federal law enforcement officer while engaged in or on account of that officer's official duties.  18 U.S.C. § 111(a)(1).  If a defendant uses a "deadly or dangerous weapon" or causes bodily injury during any of the actions quoted above, an enhanced penalty applies.  § 111(b). Spraying at officers, even if the spray does not reach them, can plainly constitute assaulting, resisting, opposing, impeding, intimidating, or interfering with those officers.  If the defendant's interpretation of the statute were correct, § 111 would not penalize, for example, a defendant pointing a firearm at a federal law enforcement officer, and shooting at him or her, but missing. To the extent the defendant questions the sufficiency of the government's evidence, that is a question for the jury, or for this Court on a motion pursuant to Fed. R. Crim. P. 29 at the close of the government's evidence.[7]  For these same reasons, the Court should deny the defendant's request to inspect the Grand Jury instructions, as the indictment does not call into question the sufficiency of the presentation to the Grand Jury.

---

[7]  Similarly, the defendant's complaints regarding the sufficiency of the evidence regarding his alleged use of the baseball bat are questions for the jury or this Court during a Rule 29 motion, and not relevant to a motion to dismiss the indictment.

## **CONCLUSION**

The indictment in this case provides a plain, concise statement of the offenses with which the defendant has been charged.  It includes the core criminality of the statutes with which he has been charged.  When combined with the record in this case, it allows him to mount a double-jeopardy challenge to any successive prosecution.  Any additional evidence that the defendant needs to be ready to meet the charges at trial either has been or will be soon addressed through discovery.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    _/s/ Erik M. Kenerson_
ERIK M. KENERSON
Ohio Bar No. 82960
JASON B.A. MCCULLOUGH
D.C. Bar No. 998006
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov
(202) 252-7201 // Erik.Kenerson@usdoj.gov