UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-24 (EGS) |
| | : | |
| ROBERT GIESWEIN, | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR A BILL OF PARTICULARS REGARDING COUNT ONE

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby respectfully submits this opposition to the defendant's Motion for

a Bill of Particulars Regarding Count One. ECF 59 (hereinafter "Motion" or "Mot.").

The Bill of Particulars is not a "discovery tool" to be employed by the defense as a device

to "preview" the government's "theory of the case." *See United States v. Ramirez*, 54 F. Supp. 2d

25, 29 (D.D.C. 1999). The Indictment plainly states that the defendant did obstruct the proceeding

in violation of 18 U.S.C. § 1512(c)(2) by "entering and remaining in the United States Capitol

without authority, committing an act of civil disorder, and engaging in disorderly and disruptive

conduct." Indictment at *1 (ECF 3). That description serves to put the defendant on notice that he

is being charged with obstructing the proceeding to certify the election of the next President of the

United States by, among other things, climbing through a broken window and interfering with law

enforcement's efforts to remove the defendant and others from the building.

In support of his argument, the defendant refers this Court to Judge Friedrich's request for

a bill of particulars in another matter pending in this Court, *United States v. Reffitt*, 21-CR-32

(DLF). Judge Friedrich requested such information as part of the Court's inquiry into resolving

*Reffitt's* pending motion to dismiss the 1512(c)(2) count in that case. After issuing the request,

Judge Friedrich subsequently held in another January 6 prosecution that 18 U.S.C. § 1512(c)(2) was not unconstitutionally void for vagueness. *See United States v. Sandlin*, 21-cr-88, Dkt. 63 (holding that § 1512(c)(2) is not unconstitutionally vague as applied to defendants who allegedly forcibly breached the Capitol and assaulted Capitol police officers with the intent to impede the official proceeding). Judge Friedrich further held that assaultive and other illegal conduct by the defendants in that case was "independently criminal" or "inherently malign" and thus plainly within the grasp of a statute that made criminal acts done to corruptly obstruct the proceedings. *Id.* at *24 ("The indictment in this case alleges obstructive acts that fall on the obviously unlawful side of the line" and "there is little question that violent assaults on law enforcement officers of the nature charged here constitute obstructive acts."). For this reason, Judge Friedrich held that the statute was not vague as applied to defendant's (*i.e.*, Sandlin's) conduct. *Id.*

Here, the defendant's conduct is similarly pernicious and unlawful on its face, as evidenced by an indictment that charges the defendant with multiple assaults against law enforcement. Indictment (ECF 3) at Counts Two – Four. As with Judge Friedrich's holding in *Sandlin* and *Reffitt*, this Court should not entertain a motion to dismiss Count One, and no further description of the defendant's conduct is required at this point. Whether the defendant's conduct violates Section 1512(c)(2) is an appropriate question for the jury or, at minimum, a question to be considered by this Court at the Rule 29 stage after the government has presented its evidence.[1]

This Court should deny Defendant's Motion to Dismiss Count One (ECF 60) and this Motion for a Bill of Particulars (ECF 59).

---

[1] As of the date of this filing, Judge Friedrich has indicated that the court's "inclination" is to defer ruling on *Reffitt's* vagueness challenge to the obstruction count until after the close of the government's evidence at trial. *See United States v. Reffitt*, 21-cr-32 (DLF), Minute Order of Dec. 11, 2021 ("[T]he Court is inclined to defer ruling on his vagueness challenge until the facts have been established at trial and the jury has had an opportunity to consider that evidence.").

## I.       The Bill of Particulars is Not a Discovery Tool.

Under Federal Rule of Criminal Procedure 7(f), the Court "may direct the government to file a bill of particulars." The purpose of a bill of particulars, however, is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). If an indictment "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

The defendant's reliance on *Hillie* and *Hunter* is misplaced. In *Hunter*, the D.C. Circuit explained that a "mere repetition" of the statute, "without averments disclosing the particulars of

the alleged offense" might fail to apprise the defendant of the charges. In *Hunter*, the charging instrument alleged that the defendants:

> "did congregate and assemble on Pennsylvania avenue, N. W., did then and there crowd, obstruct, and incommode the free use of the sidewalk thereof on said avenue. Contrary to and in violation of an act of Congress in such case made and provided, and constituting a law of the District of Columbia."

*Hunter v. D.C.*, 47 App. D.C. 406, 407-408 (D.C. Cir. 1918). The Court explained that the charging instrument in *Hunter* had failed to identify the "forbidden act" that would distinguish defendants from having simply assembled "for a perfectly lawful purpose." *Id.* at 408. There is no such deficiency here. Here, the Indictment asserts that the defendant obstructed a "proceeding before Congress, by entering and remaining in the United States Capitol without authority, committing an act of civil disorder, and engaging in disorderly and disruptive conduct." ECF 3. No more specificity is required to distinguish defendant's conduct from lawful assembly. *Id.* at 409 (The statute does not "condemn the mere act of assembling on the street, but prohibits assembling and congregating, coupled with the doing of the forbidden acts.").

While the *Hillie* court was focused on a slightly different feature, it is equally inapposite. In *Hillie*, the court expressed concern that multiple counts of child pornography failed to give notice to the defendant as to the means by which the defendant had violated the statute. *United States v. Hillie*, 227 F. Supp. 3d 57, 75 (D.D.C. 2017). This deficiency was in part due to the breadth of the *actus rei* that were available in the statute and the charging instrument's failure to give notice as to that which was alleged. As the *Hunter* court explained, "the production-related counts charge [defendant] with the actual (or attempted) employment, use, persuasion, inducement, enticement, and coercion of [minor] 'to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]'" *Id.* The court found that without

further description as to how defendant's conduct had violated the statute, this "wide array of conduct in the broadest, most generic terms" could not provide notice. *Id.* Such circumstance is a far cry from the Indictment before the Court here. Here, the Indictment provides specific notice that defendant did obstruct the Electoral College proceeding on January 6 by "entering and remaining in the United States Capitol without authority, committing an act of civil disorder, and engaging in disorderly and disruptive conduct." (ECF 3). The Indictment also charges three counts of assault against law enforcement and destruction of government property. *Id.* at Counts Two – Five. The defendant is plainly on notice of the conduct for which he will be tried on Count One.

## II.     The defendant violated Section 1512(c)(2) in multiple ways.

The defendant's acts of obstruction of the Certification of the Electoral College vote will require the jury to assess the full panoply of defendant's words and actions leading up to and on January 6.  As has been developed through motions and argument on the question of defendant's detention, the government's evidence consists of defendant's relentless unlawful acts at and around the Capitol on January 6. No further specificity is required for the defendant to prepare his defense.

It will be for the jury to assess whether the defendant acted "corruptly" when he took these actions to disrupt the Certification on January 6. As the government has presented to the Court in connection with detention, before the jury will be the defendant's "words and conduct, from which, in ordinary human experience, mental condition may be inferred"  *United States v. Williams*, 553 U.S. 285, 306 (2008) (quoting *American Communications Ass'n, CIO v. Douds*, 339 U.S. 382, 411 (1950)).

To the extent instructive to defendant and while not intending to limit the evidence to be presented in its case in chief, the government asserts that it intends to prove beyond a reasonable doubt that the defendant violated Section 1512(c)(2) in the following three non-mutually exclusive

ways. In each circumstance, the defendant intended to bring about the result through his own actions, or by aiding and abetting the actions of others, or both. In each circumstance, the defendant's attempt, even if unsuccessful, violates the statute.

*First*, the defendant intended to, and did, corruptly obstruct or impede the Certification proceeding. In other words, he intended, though his individual actions and by encouraging others, to prevent the Certification proceeding from occurring at the time prescribed by law. The defendant's conduct thus violated Section 1512(c)(2) by thwarting the commencement or operation of the underlying proceeding on that basis alone. *Cf. United States v. Martinez*, 862 F.3d 223, 238 (2d Cir. 2017) (police officer tipped off suspects about issuance of arrest warrants before "outstanding warrants could be executed, thereby potentially interfering with an ongoing grand jury proceeding"); *United States v. Ahrensfield*, 698 F.3d 1310, 1324-26 (10th Cir. 2012) (law enforcement officer disclosed existence of undercover investigation to target); *United States v. Phillips*, 583 F.3d 1261, 1265 (10th Cir. 2009) (defendant disclosed identity of an undercover officer, thus preventing him from making controlled purchases from methamphetamine dealers). As the Ninth Circuit stated in a case arising under the "residual omnibus clause of section 1503," "it is not the witness but the 'administration of justice' that stands in need of protection." *United States v. Lester*, 749 F.2d 1288, 1295 (9th Cir. 1984). Here, it is the "official proceeding" itself that needs protection. No further specificity as to the specific portion of the "official proceeding" is necessary—the "official proceeding" that was obstructed is plainly defined by Constitution and statute.

*Second*, the defendant intended to corruptly obstruct or impede legislators from attending and participating in the Certification proceeding. In particular, evidence at trial will show that the defendant was among the first rioters to enter the building at approximately 2:11 p.m. and that he

immediately joined a crowd in traveling to the Ohio Clock Corridor, which is immediately adjacent to the Senate Chamber where lawmakers were evacuated moments before. More generally, the defendant's actions—individually and in concert with others—aimed to prevent lawmakers from fulfilling their constitutional responsibilities by participating in the Certification proceeding. Through the defendant's actions and his words the defendant evidenced his intent to interfere with the proceedings that day. Defendant's interference with law enforcements' efforts to clear the building further contributed to the obstruction of the proceeding.

*Third*, the defendant intended to corruptly obstruct or impede the lawmakers' consideration of constitutionally and statutorily required documents. As described in the government's opposition to defendant's Motion to Dismiss Count One filed herewith, 18 U.S.C. § 15 details the steps to be followed in the Electoral College certification: the President of the Senate opens the votes, hands them to two tellers from each House, ensures the votes are properly counted, and then opens the floor for written objections, which must be signed "by at least one Senator and one Member of the House of Representatives." 18 U.S.C. § 15. The defendant sought to stop lawmakers from reviewing and considering these statutorily and constitutionally mandated documents. Though courts consistently have concluded that Section 1512(c)(2) is a "prohibition on obstructive behavior that extends beyond merely tampering with tangible items," *United States v. De Bruhl-Daniels*, 491 F. Supp. 3d 237, 251 (S.D. Tex. 2020), the defendant's conduct here would also violate an interpretation of Section 1512(c)(2) that "require[s] some nexus to tangible evidence," *United States v. Singleton*, No. 06-CR-80, 2006 WL 1984467, at *3 (S.D. Tex. July 14, 2006) (unpublished), or some "conduct in relation to a tangible object," *States v. Hutcherson*, No. 05-CR-39, 2006 WL 270019, at *2 (W.D. Va. Feb. 3, 2006) (unpublished). *See United States v. Ring*, 628 F. Supp. 2d 195, 225 n.18 (D.D.C. 2009) (disagreeing with the interpretation of Section

1512(c)(2) in *Singleton* and *Hutcherson* but finding that the alleged conduct at issue in that case involved "some nexus to documents"). In short, the defendant's actions corruptly obstructed lawmakers consideration of the documents that were under the Joint Session's consideration on January 6.

## **CONCLUSION**

Through the Indictment and the extensive briefing on this matter, the defendant has ample notice of the conduct at the heart of the obstruction offense in Count One. For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the defendant's motion be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Jason McCullough*

JASON B.A. MCCULLOUGH
D.C. Bar No. 998006
ERIK M. KENERSON
Ohio Bar No. 82960
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov
(202) 252-7201 // Erik.Kenerson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on December 24, 2021.

By:   */s/ Jason McCullough*

JASON B.A. MCCULLOUGH
D.C. Bar No. 998006

.