## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>    Defendant. | Crim. Action No. 21-24-1 (EGS) |

### MR. GIESWEIN'S RESPONSE TO
### GOVERNMENT'S MOTION *IN LIMINE* TO LIMIT
### CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES

Robert Gieswein, through undersigned counsel, hereby respectfully submits this response to the government's motion *in limine* to limit to cross-examination of witnesses with the Secret Service Agency, ECF No. 65.

### BACKGROUND

Count Six of the Indictment charges Mr. Gieswein with knowingly entering or remaining in a restricted building or grounds without lawful authority while using or carrying a dangerous weapon, in violation of 18 U.S.C. §1752(a)(1) and (b)(1)(A). That statute defines "restricted building or grounds" to include any building or grounds that a person protected by the Secret Service "is or will be temporarily visiting." *See* § 1752(c)(1)(B). As relevant here, the government has provided notice that it intends to call a United States Secret Service ("USSS") representative to testify that on January 6, 2020, USSS agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol that day. The defense anticipates that the USSS witness will testify that at some point, the

Vice President and his family were moved from the Capitol to a different location. This is relevant. Indeed, the government acknowledges as much in its motion: "[t]he fact that the Vice President, his family, and their motorcade had to be moved for safety is relevant to jury's assessment of the 'restricted grounds' question." Gov't Mot., ECF No. 65 at 4.

In its motion, the government seeks to preclude the defense from cross-examining the witness about the following:

> 1. Information related to the location **within the Capitol or its grounds** to which the Vice President and his family, or their motorcade, were taken once the riot began on January 6, 2021;
>
> 2. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;
>
> 3. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. Id. at 2.(Emphasis added).

As a preliminary matter, the defense does not intend to question the USSS witness about items two and three, namely, protocols related to where protectees or their motorcades are taken at the Capitol of other government buildings when emergencies occur, or the nature of USSS protective details. Nor does the defense seek to elicit *precisely* where the Vice President and his family were taken on January 6. However, the defense may seek to cross-examine the witness about when and where— generally, that is, off-site, the Vice President was taken. This is because *whether* and *when* the Vice President left the Capitol building or grounds is relevant to the essential elements of the offense.

## ARGUMENT

It is axiomatic that the "Confrontation Clause of the Sixth Amendment guarantees a criminal defendant an opportunity to effective cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). While a trial court may limit cross-examination, it may do so only after it has permitted "a certain threshold level of cross-examination which satisfies this constitutional requirement." *United States v. Hall*, 945 F.3d 507 (D.C. Cir. 2019) (quoting *United States v. Anderson*, 881 F.2d 1128, 1139 (D.C. Cir. 1989)).

In this case, Mr. Gieswein reserves the right to conduct limited questioning as to the general whereabouts of Vice President Pence on January 6, at the time Mr. Gieswein entered the Capitol, because that information goes directly to the elements the government must prove to establish a violation of 18 U.S.C. § 1752. As the government acknowledges, in order to prove a violation of this statute, the government must show that the defendant entered a "restricted building or grounds" where a USSS protectee "is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). Of course, the building and grounds at issue here are the U.S. Capitol and the Capitol grounds. Because the government must show that when Mr. Gieswein entered the grounds or building, they were "restricted," that is, when Vice President was present in the building or on the grounds, the defense must be able to examine the witness about when the Vice President left the Capitol building or grounds. Short of a government stipulation to his whereabouts being entirely off-site, this may require some examination of how the Vice President left and *generally* where he went, for

3

example, the distance of the secure of the location from the capitol building, because the U.S. Code defines the Capitol and its grounds as limited in the following way:

> The United States Capitol Grounds comprises all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled "Map showing areas comprising United States Capitol Grounds", dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8, including all additions added by law after June 25, 1946.

5101 U.S.C. § 40. So, if for example, the Vice President was escorted to a tunnel or a parking lot *not* included in the statutory definition of the Capitol building or grounds at the time Mr. Gieswein allegedly entered the building or grounds, the defense must be able to elicit that in order to mount a defense to elements of 18 U.S.C. §1752. In bears repeating that the defense will not seek to elicit the *precise* location to which the Vice President was taken, nor will it question the witness about USSS protocols as to other locations where it takes it protectees. However, the defense may inquire as to *whether* the Vice President left the building, and *how* the Vice President left the building (whether through a tunnel, or out a door, etc.), the general type of location to which he was taken, and the distance between that location and the Capitol building and grounds. Therefore, the cross-examination will not implicate national security concerns. Of course, the Court, as gatekeeper, will be in a position to rule on any objections on questions that exceed this scope if they should arise during questioning.

## CONCLUSION

For all of these reasons, and such others as may be advanced at a hearing on this matter, Mr. Gieswein respectfully reserves his right to conduct limited examination of the United States Secret Service witness as to facts directly relevant to the elements of the charged offense.

Respectfully submitted on December 24, 2021.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Ann Mason Rigby
DC Bar No. 491902
Elizabeth A. Mullin
DC Bar No. 484020

Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org