UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-24 (EGS) |
| | : | |
| ROBERT GIESWEIN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY IN SUPPORT OF MOTION *IN LIMINE*
TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES**

Through its motion (ECF 65), the government seeks an order that would limit the cross examination of any witness from the United States Secret Service. Such an order would not result in the exclusion of any relevant, probative evidence and is necessary to protect the vital national security interests at stake in the Secret Service's mission to protect high-ranking members of the Executive branch.

As explained in its motion, the government will call a witness from the United States Secret Service to testify that at the time of the Capitol breach, Secret Service agents were on duty to protect Vice President Mike Pence and his two immediate family members, all of whom were present at the Capitol. The witness will then explain the Capitol breach's effect on the Secret Service's efforts to protect the Vice President Pence and his family members.

Both the legal and factual issues raised in the defendant's opposition are inapposite. As explained herein, the government's ability to establish that the building was a "restricted building or grounds" does not turn on when and where the Vice President was subsequently moved after rioters breached the Capitol building. Furthermore, the facts of this case plainly demonstrate that the Vice President was not only in the building, but moments removed from presiding over the certification when the defendant leapt through a broken window at the Capitol.

Pursuant to Fed. R. Evid. 401, 403, and 611(b), the court should grant the government's motion and strictly limit any cross examination of Secret Service witness that goes beyond the scope of direct examination.

**ARGUMENT**

Through its motion, the government seeks to foreclose the defendant from cross examining the witness on issues that go beyond the scope of direct examination; specifically:

1. Information related to the location within the Capitol or its grounds to which the Vice President and his family, or their motorcade, were taken once the riot began on January 6, 2021;

2. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur;

3. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

Defendant agrees that he will not question the Secret Service witness about items two and three (ECF 76 ("Opp.") at 2), but he quibbles with the restriction imposed by item one. Defendant argues that "*whether* and *when* the Vice President left the Capitol building or grounds is relevant to the essential elements of the offense." *Id.* Defendant is wrong as both a factual and legal matter.

Count Six charges the defendant with being in a "restricted building and grounds" in violation of 18 U.S.C. § 1752(a)((1) and (b)(1)(A). Indictment (ECF 3). The term "restricted building or grounds" is defined as a building or grounds where a Secret Service protectee "*is or will be* temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). The defendant agrees. Opp. at 1. The government intends to prove that the Vice President was inside the Capitol on January 6 at 1 p.m. and was expected to be within the Capitol until Congress certified the Electoral College vote. *See*

2

3 U.S.C. § 15 (requiring the Vice President, as the "President of the Senate," to be present in the Hall of the House of Representatives" at 1 p.m. on January 6); *id.* § 16 (providing that the "joint meeting shall not be dissolved until the count of the electoral votes shall be completed"). The Vice President was supposed to be at the Capitol until Congress completed its work on January 6. *Id.*; *see also id.* at § 15 (providing that the "presiding officer shall then announce the decision of the questions submitted" when objections are raised). This sequence and circumstance establish that the Capitol building and grounds were restricted on January 6 and continued to be restricted until Congress completed its work. Whether the Vice President ever left the building—and for security reasons, the government is not taking a position one way or the other—is irrelevant.

In his opposition, the defendant "reserves the right to conduct limited questioning as to the general whereabouts of Vice President Pence on January 6 at the time Mr. Gieswein entered the Capitol[.]" Opp. at 3. Again, as a matter of law, the status of the Capitol building and grounds as "restricted" for purposes of the statute does not turn on the Vice President's presence—the term "restricted building or grounds" is defined as a building or grounds where a Secret Service protectee "is *or will be* temporarily visiting." 18 U.S.C. § 1752(c)(1)(B).

But even if it were a relevant question, the Vice President's location at the specific time Mr. Gieswein entered the Capitol building and grounds is readily available without cross-examination that ventures into the subject of "when the Vice President left the Capitol building or grounds" or where he was taken. Opp. at 3.

At 1:05 p.m., while the defendant was unlawfully on restricted grounds in the West Plaza of the Capitol (*see* ECF 37 at 4-5), the Vice President was calling the Joint Session to order in the House chamber. Image 1.

3

**IMAGE 1**



By 1:30 p.m., shortly before defendant began to deploy spray at officers while advancing toward the Capitol on restricted grounds (*id.* at 6-7), the Vice President had moved to the Senate chamber to preside over an objection. Image 2.

**IMAGE 2**



And at 2:11 p.m. on January 6, as the defendant was preparing to climb through a broken window of the Capitol with a baseball bat and aerosol spray, Vice President Pence was still sitting in the Senate chamber and presiding over an objection to the count of the Electoral College. Image 3.

**IMAGE 3**



And as can be seen in the images below, while Vice President Pence was engaged in these actions in the Senate chamber, the defendant was unlawfully advancing up the stairs after spraying officers (Image 4; 2:09 p.m.), arriving at the façade of the building (Image 5; 2:12 p.m.), and climbing through a broken window to breach the building (Image 6; 2:13 p.m.).

**IMAGE 4**



**IMAGE 5**



**IMAGE 6**



The government anticipates that the emergency actions taken by the Secret Service to relocate Vice President Pence and his family members and to secure their safety will be described in testimony by the Secret Service witness. The motion *in limine* requests that the Court limit the defense team from seeking to elicit details such as where Vice President Pence and his family members were relocated, how many personnel were initially at the Capitol or were later brought to the Capitol, and where the motorcade was relocated.

As explained herein, there is no basis for the defendant to ask the Secret Service witness where the Vice President went when he was relocated from the Senate chamber because the witness's answer will have no bearing on the questions of whether (a) the Capitol was a "restricted building or grounds" or (b) the defendant was unlawfully in a "restricted building or grounds."

## CONCLUSION

For the foregoing reasons, and any additional reasons as may be cited at a hearing on this motion, the government respectfully requests that the Court grant its motion *in limine*.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Jason McCullough

JASON B.A. MCCULLOUGH
D.C. Bar No. 998006
ERIK M. KENERSON
Ohio Bar No. 82960
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7233 //
jason.mccullough2@usdoj.gov
(202) 252-7201 // Erik.Kenerson@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on January 10, 2022.

By:    /s/ Jason McCullough

JASON B.A. MCCULLOUGH
D.C. Bar No. 998006

.