UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>              Defendant. | Crim. Action No. 21-24-1 (EGS) |

**MR. GIESWEIN'S REPLY IN FURTHER SUPPORT OF MOTION FOR BILL OF PARTICULARS REGARDING COUNT ONE**

The government's response to Mr. Gieswein's Motion for a Bill of Particulars Regarding Count One, which alleges obstruction of an official proceeding pursuant to 18 U.S.C. § 1512(c)(2), ECF No. 73, essentially provides a bill of particulars regarding the government's theory of how Mr. Gieswein's alleged actions aimed to or did obstruct the Certification of the Electoral College vote. ECF No. 73 at 5-7 (noting three ways in which the government claims Mr. Gieswein's conduct did obstruct an official proceeding). These clarifications do not address what *acts* the government will claim constituted the corrupt acts of obstruction that obstructed the proceedings, which is also unclear from the Indictment. If other portions of the government's response do provide that clarification – as the defense believes is the case – no further particularity is required.

To be sure, Count One of the Indictment charges that one act that the government believes was "corrupt . . . obstruction" was "entering and remaining in the United States Capitol without authority," as the government notes. ECF No. 73 at 5; *see* ECF No. 3 at 1. But the count also vaguely alleges that an unnamed "act of

civil disorder" and unspecified "disorderly and disruptive conduct" form the basis for the charge, and does not incorporate by reference any of the other paragraphs in the Indictment. ECF No. 3 at 1. This leaves a great deal unclear from the face of the Indictment, and would leave Mr. Gieswein unsure of which of his supposedly "relentless unlawful acts at and around the Capitol on January 6" the government intends to rely upon as corrupt obstructive conduct. S*ee* ECF No. 73 at 5. This is particularly so given that the exact definition of the terms in § 1512 remains in flux, and the government has not adopted the view that only illegal actions may qualify as "corrupt." *See generally* ECF No. 74.

However, in its response to the instant motion, the government appears to offer the type of detail about the alleged acts it will rely on that a bill of particulars might provide. Specifically, the government notes that in addition to what is stated in Count One, the Indictment also charges three counts of assault and destruction of government property. *See* ECF No. 73 at 5. Immediately after doing so, the government states that the defendant is on "plainly on notice of the conduct for which he will be tried on Count One." *Id.* This suggests that the government believes that these counts provide the defense with notice about what is charged in Count One. *Id.* Moreover, the government also emphasizes these alleged acts in Counts Two through Five in its opposition to the defense motion to dismiss Count One. *See* ECF No. 74 at 26 (arguing that the count is not vague as applied to him because it alleges "the unlawful invasion of the Capitol and its grounds and multiple assaults on federal law enforcement officials"). From this, the defense concludes that the conduct alleged in

Counts Two through Five are, in the government's mind, the "entering and remaining," "act of civil disorder" and "disorderly and disruptive conduct" referred to in Count One, and that these are the theories he must defend against.[1]

If Mr. Gieswein may rely on this reading, then he seeks no further particulars regarding Count One. But if the government will argue that other alleged acts of Mr. Gieswein's constituted corrupt acts of obstruction, then further particulars are needed so that he can (1) understand the charges, (2) can prepare a defense, (3) can avoid prejudicial surprise at trial, and (4) can be protected against retrial for the same offense. *See United States v. Butler*, 822 F. 2d 1191 (D.C. Cir. 1987).

Respectfully submitted on January 11, 2022.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by: _____s/_____
Ann Mason Rigby
DC Bar No. 491902

Elizabeth A. Mullin

---

[1] On the other hand, a later portion of the opposition to the motion to dismiss again suggests that the government might ask the jury to conclude that acts from a broader universe of conduct were "wrongful" conduct upon which it will rely to prove Count One. *See* ECF No. 74 at 29-30 (arguing that even if some cases might present close cases in a vagueness analysis, this one does not *because* of the allegations that Mr. Gieswein "rushed past law enforcement, trampled barricades, assaulted law enforcement, and entered the restricted Capitol building where lawmakers, who should have been certifying the results of the presidential election, had been forced to take shelter from the threat posed by the defendant and others").

3

                DC Bar No. 484020

                Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org