## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ROBERT GIESWEIN,

           Defendant.

Crim. Action No. 21-24-1 (EGS)

## MR. GIESWEIN'S RESPONSE TO FILING OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS

On January 6, 2022, the District of Columbia Department of Corrections (DOC) filed a report on conditions at the District's Correctional Treatment Facility (CTF) in accordance with this Court's order of December 23. *See* Jan. 23, 2022 Minute Entry. Mr. Gieswein respectfully responds to that filing as follows.

As the DOC notes, the Court ordered both the government and the DOC to file briefs addressing:

> (1) the response by the United States Marshals Service (USMS) to address the deficiencies identified in USMS's letter of November 1, 2021, since the implementation of the Memorandum of Understanding between the District of Columbia Department of Corrections (DOC) and USMS was entered on or about November 10, 2021, with particular focus on corrective action the USMS has requested that the DOC take at the Central Treatment Facility (CTF), and whether DOC has taken such corrective action;

> (2) the status of COVID-19 pandemic conditions at CTF, including the number of detainees and staff (if known) who have tested positive between today's date and the date of filing; and

> (3) the DOC's response to COVID-19 conditions at CTF, including any mandatory lockdowns and/or limitations on inmates' access to discovery, recreation, hygiene, attorney visits that are in place as of the date of filing. It is FURTHER ORDERED that the D.C. Department of Corrections shall file a pleading addressing the same topics by no later than January 5, 2022.

*See* Dec. 23, 2021 Minute Entry; *see also* Dec. 29 Minute Entry (extending deadline).

## I.    The DOC's filing does not provide the information the Court sought.

The Court's order required the DOC to address any "corrective action that the USMS has requested that the DOC take at the . . . CTF, and whether the DOC has taken such corrective action" since entry of the Memorandum of Understanding (MOU) between the USMS and the DOC on November 10. *See* Dec. 23, 2021 Minute Entry. Indeed, the order as a whole is focused on conditions at CTF, where Mr. Gieswein is housed.

Nevertheless, the DOC's response focuses on the Central Detention Facility (CDF) instead. The DOC hangs its hat on the fact that the Court referred to the USMS letter of November 1, 2021. The DOC implies that the USMS letter "did not identify any alleged deficiencies at CTF." DOC Br, ECF No. 80, at 2. But as the DOC thereafter acknowledges, that is not quite what the USMS reported. Rather, the USMS found that conditions at CTF "were observed to be *largely* appropriate and consistent with federal prison standards." Nov. 1, 2021 USMS Letter, ECF No. 80-1 (emphasis added); *quoted in* ECF No. 80. In other words, although the USMS did not list any deficiencies at CTF in the November 1 letter, it never stated that everything at CTF was appropriate or in keeping with federal standards.

The DOC goes on to note certain steps that it has taken to correct "verified deficiencies at its correctional facilities, including CTF." *Id.* This is unclear: it either confirms that there were "verified deficiencies" at CTF, or that there were none. And it leaves opaque whether the steps it lists are being implemented at CTF, or just at CDF. Regardless, some of the steps that the DOC lists beg more questions than they answer. For example, DC states that the agency has "begun auditing the agency's daily cell block inspection sheets with a focus on complaints of mold and plumbing issues." *Id.* This gives neither the Court nor the parties any insight into whether the DOC has observed mold at CDF (or CTF), or whether anyone is doing anything about it, if so. Likewise, the statement that the DOC has implemented "daily rounds in DOC's housing units to assess the conditions of cells . . ." does not provide the Court with a real update on conditions in the cells.

On January 10, the government filed a motion for more time to provide the USMS's report on conditions at CTF. Gov. Mot. to Continue, ECF No. 82. That filing stated that the USMS "has continued to monitor the conditions at both CDF and CTF through on-site observations." *Id.* at 1-2. It also notes that "USMS reports that it has observed additional deficiencies through its monitoring, including several deficiencies at CTF." *Id.* at 2 n.1. Hopefully the USMS report – now due on January 17 – will provide some real insight into conditions at CTF. *See* Jan. 11, 2022 Minute Order (granting continuance to government). Mr. Gieswein reserves the right to respond to that filing either in writing or at the hearing scheduled on January 19.

II.   **Mr. Gieswein is enduring severe lockdown conditions and limited access to counsel.**

At least one thing is clear about conditions at CTF from the DOC's filing. Detainees there are once again subject to extreme limitations due to the effects of the Omicron variant of the coronavirus, including rising rates of detainee and staff coronavirus infections at the jail. ECF No. 80 at 3-4. "DOC has restricted group activities at its correctional facilities, suspended non-legal in-person and video visitation, limited resident out of cell time to two hours per day cancelled barbering and cosmetology services for all residents, except for those with upcoming jury trials." *Id.*

These responses to the virus – especially limiting human beings to jail cells for 23 hours a day – are extremely harsh, as many courts have recognized throughout the pandemic. *See, e.g.*, *United States v. Cruz,* 3:18-CR-81 (SRU), 2021 WL 1268253, at *3 (D. Conn., Apr. 6, 2021) (noting that courts considering compassionate release motions have "considered the extent to which onerous lockdowns and restrictions imposed [to attempt] to control the spread of the virus have made sentences 'harsher and more punitive than would otherwise have been the case'") (internal citations omitted).

In addition to yet again having to endure extremely restricted movement as he approaches one year in custody, Mr. Gieswein also now has very limited access to counsel. That is because he is housed in a quarantine unit, and, as the DOC notes in a footnote, these detainees "do not have access to in-person or virtual visits with

counsel." ECF No. 80 at 4 n.3. And although jail staff have attempted to arrange for Mr. Gieswein to make a legal call on a private line to counsel, this has failed to date.[1]

## CONCLUSION

There may be occasions when a defendant is so dangerous *and* obviously uncontrollable that the Court must detain that person to keep the community safe, even if the jail is struggling to achieve compliance with federal standards, and even in the midst of a pandemic rendering pretrial detention far more harsh than usual. But this is not such a case, given Mr. Gieswein's history, all the other factors weighing in favor of the conclusion that he would not offend if released pursuant to conditions, and the very strict and carefully tailored conditions he has proposed. For these reasons, those he may offer in response to the government's filing regarding the USMS report, those he may offer at the upcoming hearing, and the entire record, he respectfully renews his request that the Court release him.

Respectfully submitted on January 15, 2022.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Ann Mason Rigby
DC Bar No. 491902

---

[1] One staff member informed undersigned counsel one day last week that only two counselors were available that day to facilitate legal calls *for the entire jail*.

Elizabeth A. Mullin
DC Bar No. 484020

Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org