IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-24 (EGS)** |
| | : | |
| v. | : | |
| | : | |
| **ROBERT GIESWEIN,** | : | |
| | : | |
| **Defendant.** | : | |

### DECLARATION OF MARVIN BICKHAM

I, Marvin Bickham, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

1. I am a retired law enforcement special agent with over 33 years of law enforcement experience. I served as correctional officer, case manager, and detention correctional specialist for the Federal Bureau of Prisons from 1989 to 2004. In 2004, I became a criminal investigator for the Department of Justice's Office of the Inspector General. From 2006 to 2016, I was a criminal investigator for the Department of Treasury's Office of the Inspector General. Since that time, I have served as a Federal Detention Monitor for the United States Marshals Service. I graduated in 1988 from McNeese State University with a bachelor's degree in Criminal Justice.

2. I was assigned to serve as a Federal Detention Monitor at the D.C. Department of Corrections in mid-November 2021. As a Federal Detention Monitor, it is my job to review and determine whether the facilities at which federal prisoners are detained appear to comply with the Federal Performance-Based Detention Standards. Those standards were first promulgated by the Office of the Federal Detention Trustee in the early 2000s. The responsibilities of the Federal Detention Trustee were transferred to the United States Marshals Service (USMS) in 2012.

3. The Federal Performance-Based Detention Standards are designed for use in reviewing non-federal facilities that house federal detainees to ensure these facilities are safe, humane, and protect detainees' federal statutory and constitutional rights (available at

https://www.usmarshals.gov/prisoner/detention-standards.pdf). These standards are routinely updated, most recently in December 2021.

4. I am aware that the USMS conducted an unannounced inspection of the D.C. Department of Corrections (DOC) facilities from October 18-22, 2021. I did not participate in that inspection, but I am familiar with its findings. That inspection found evidence of systemic failures at the Central Detention Facility (CDF) and resulted in DOC and the USMS entering into a memorandum of understanding (MOU) to improve the conditions at CDF only.

5. I have prepared this declaration for filing in the case of *United States v. Robert Gieswein*. I am aware that Mr. Gieswein is detained in unit C2B at the DOC's Correctional Treatment Facility (CTF). My declaration is therefore limited to my review of the conditions at unit C2B at CTF.

6. The USMS October 2021 inspection found that the conditions at CTF were largely appropriate and consistent with federal prisoner detention standards.

7. In my role as a Federal Detention Monitor, I work with DOC to assess its facilities, and I provide technical assistance, help, and recommendations to enhance and improve the conditions through the facility. I have no decision-making authority with respect to any DOC facility (to include CTF), no operational authority or control over any DOC facility, nor am I responsible for supervisory management of any DOC facility. I cannot direct DOC staff to comply with any USMS or federal directive or order. My physical access to CTF is subject to the consent of DOC/CTF staff.

8. I am familiar with the policies and procedures at CTF, and I conduct in-person inspections to observe and document whether the conditions of confinement appear to conform to federal prisoner detention standards. A Corrective Action Matrix (CAM) report contains my documented observations. The CAM is provided to my superiors at the USMS. Documented observations are for official use only, confidential and law enforcement sensitive. I have not documented any observations identifying Mr. Gieswein as a subject.

9. In the two months that I have served as a Federal Detention Monitor at DOC, I have observed the conditions in unit C2B at CTF on at least a weekly basis. I have observed no

systemic issues that would warrant a modification to the existing MOU to include any other DOC facility other than CDF.  The conditions at CTF appear to conform to the federal prisoner detention standards.[1]

10.     I have reviewed CTF's records for any grievance filed by Mr. Gieswein and have found two.  The first, IGP 20210720-695, was filed by Mr. Gieswein on July 15, 2021.  In the grievance, Mr. Gieswein reported that he was ordered by a correctional officer not to stand near the cell door of another inmate, and that this was inconsistent with DOC policies both as written and as previously enforced.  DOC found that Mr. Gieswein's grievance was a "non-grievance" because he did not establish that the Department policy or procedure personally affected him.

11.     The second, IGP 22108241-363, was filed on August 15, 2021, in which Mr. Gieswein reported that he was not delivered his commissary because he was listed as being "PHD" [pending discipline] incorrectly.  This grievance was resolved favorably, though informally.

12.     In speaking with the individuals housed in unit C2B at CTF, I am aware that they have complained of certain issues related to their confinement during the November 2021 to January 2022 referenced time period. I will briefly outline those complaints below.

13.     Individuals in unit C2B at CTF have complained that they are not provided access to haircuts and shaving.  I am aware that CTF does not provide haircuts and shaving to prisoners who are not vaccinated against COVID-19.  I am further aware that CTF is providing access to COVID-19 vaccines.  I also understand that CTF will provide grooming services to prisoners in advance of jury trials.

14.     Individuals in unit C2B at CTF also complain that they are not permitted to have personal visits with family and friends.  I am aware that CTF does not permit unvaccinated individuals to have personal visits.  Again, I am aware that CTF is providing access to COVID-19 vaccines.

---

[1]     In my role as Federal Detention Monitor at DOC, I have observed two remediable issues or deficiencies in other units at CTF, one relating to mold and the other relating to the maintenance of two CPAP machines.  As of December 23, 2021, both issues were remediated and resolved favorably.

15. Individuals in unit C2B at CTF are currently permitted two hours of recreation time out of their cells, in the common area, each day. There is no access to restrooms in the common area. When individuals need to use the restroom, they are returned to their cells, shortening their recreation time. CTF is currently restricting individuals to 2 hours of recreation time due to the spread of COVID-19 in the jail; during longer recreation periods, CTF could take steps to ensure that individuals are released from their cells after using the restroom. I am of the belief, however, there are no prohibitions on individuals using the bathroom in their cell prior to recreation time.

16. Finally, I am aware that individuals in unit C2B at CTF have complained about access to discovery. Specifically, they have complained that they are allowed access to computers to review electronic discovery for only 14 days, and that there are not enough computers to go around.

17. I have considered these complaints carefully and, although they are not trivial, as of this writing, the present conditions at CTF appear to be largely appropriate and consistent with federal prisoner detention standards, particularly in light of DOC's legitimate interest in protecting inmates and staff members from COVID-19.

18. After careful review and consideration, I believe that the conditions at CTF are appropriate and consistent with the federal prisoner detention standards.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 17, 2022

_____
Marvin Bickham
Federal Detention Monitor
United States Marshals Service