UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>          Defendant. | Crim. Action No. 21-24-1 (EGS) |

Upon consideration of the entire record, and for good cause shown, it is hereby

I. Discovery and Inspection

ORDERED pursuant to FED. R. CRIM. P. 16(a), that no later than fourteen calendar days before trial, unless for good cause shown:

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the

substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2.  The government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3.  The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant, with the following limitation: With respect to inspection of the Capitol building and grounds, this Order shall only require the government to provide defense counsel with a tour akin to that it has previously offered if another such tour is offered to defense counsel for other individuals charged with offenses at the Capitol on January 6, 2020. The defense does not waive any rights to further access to the Capitol building and grounds pursuant to the constitution, Rule 16, or case law that is not covered by this Order.

Should the defense demand further access to the Capitol building or grounds, the defense will raise the demand with the government and, as needed, with the Court.

    4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

    It is further ORDERED that

    5. The government shall disclose to the defendant no later than ten business days before trial, a written summary of testimony the government intends to use under Rules 702, 703, or 705, FEDERAL RULES OF EVIDENCE, at trial, unless the expert testimony is to be offered in response to a previously-noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is further ORDERED pursuant to FED. R. CRIM. P. 16(b), that upon government compliance with the foregoing,

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to his testimony.

8. The defendant shall disclose to the government no later than ten business days before trial, a written summary of testimony the defendant intends to use under Rules 702, 703, and 705, FEDERAL RULES OF EVIDENCE, as evidence at trial unless the expert testimony is to be offered in response to a previously-noticed expert of the government, in which case the disclosure pursuant to this paragraph must be provided not later than five business days prior to trial. This summary shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In an appropriate case, and for good cause shown, either

party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

## II.  Federal Rule of Evidence 404(b)

9.  It is further ORDERED that, no later than fourteen calendar days before trial, the government shall provide notice to the defendant, in accordance with FED. R. EVID. 404(b), of the general nature of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the court may excuse such pretrial notice.

## III.  Brady Material

10.  It is further ORDERED that the government shall comply with its obligations to produce promptly exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976).

## IV.  Jencks/Giglio Materials

11.  It is further ORDERED that, no later than seven calendar days before trial, the government shall produce to the defendant the Jencks Act and Giglio materials for the witnesses who will testify in the government's case in chief.

12. Counsel for the defendant may disclose the contents of said Jencks Act and Giglio materials to his client, but may not provide his client with said documents or reproductions thereof.

13. At the request of the government and consistent with the ethical responsibilities of defense counsel, all <u>Jencks</u> Act, <u>Giglio</u> materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

14. It is further ORDERED pursuant to FED. R. CRIM. P. 26.2, that no later than seven calendar days prior to trial, the defendant, by and through his counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

V. <u>Notice of Certain Defenses</u>

15. It is further ORDERED that, no later than twenty calendar days before trial, the defendant, by and through counsel, shall comply with Rules 12.1, 12.2, and 12.3 if the defendant intends to offer the defenses contemplated therein, and further that the defendant and the government shall comply with the other obligations in those rules within the time periods set out in those rules, except upon motion of the parties and for good cause shown.

VI. <u>Stipulations</u>

16. It is further ORDERED that the parties shall file proposed stipulations with the Court no later than three business days before trial. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

## VII. Witness and Exhibit Lists

17. It is further ORDERED that, no later than seven calendar days before trial, the government shall file an exhibit list and witness list, and shall file copies of the exhibits to be used in its case in chief, and provide a set of the same to chambers and the defense.

## VIII. Rule 12(b)(3) Motions Concerning Superseding Indictment, and Motions *in limine*

18. It is further ORDERED that, in light of the filing of a First Superseding Indictment, on January 14, 2022 (ECF No. 91), and the new trial date of April 20, 2022, any motions relating to the Superseding Indictment that must be made before trial pursuant to FED. R. CRIM. P. 12(b)(3), and any motions *in limine* concerning evidence known to the parties, shall be filed by _____, Responses to such motions, including ECF No. 100, which was filed by Mr. Gieswein on February 4, 2022, shall be filed by _____, replies regarding such motions shall be filed by _____, and the Court shall hear argument on such motions on April ___, 2022;

19. It is further ORDERED that the Court's January 19, 2022 Minute Entry Order is modified as follows: The government's response to the defendant's supplement to his Motion to Transfer Venue, ECF No. 101, shall be filed no later than February 25, 2022, and any reply by Mr. Gieswein shall be filed no later than March 11, 2022. It is further ORDERED that the presently scheduled February 24,

2022 motions hearing is VACATED, and all pending motions will be heard by the Court on April __, 2022.

## IX. *Voir Dire*

20. It is further ORDERED that each party shall file proposed *voir dire* no later than seven calendar days before trial.

## X. Jury Instructions

21. It is further ORDERED that, no later than twenty one calendar days before trial, the parties shall meet and confer about proposed jury instructions in order to reach an agreement on as many jury instructions as possible.

22. It is further ORDERED that the parties shall jointly submit to Chambers a set of agreed upon instructions no later than ten calendar days before trial, and that, on the same day, each party shall submit to the Court a set of proposed jury instructions as to which there has not been complete agreement (disputed instructions), along with a brief stating the objection(s) to any proposed instructions and any argument in support of the party's own alternative instructions. The brief shall conform to the rules for opening motions set out in Local Criminal Rule 47. Finally, the parties shall jointly submit an index of all proposed jury instructions designating which instructions are agreed upon and which are not.

23. It is further ORDERED that the parties may submit supplemental proposed instructions during the trial, or withdraw those previously proposed, in order to reflect the evidence or the Court's rulings.

## XI. Verdict Form

24. It is further ORDERED that the parties shall jointly submit to Chambers a proposed verdict form at or before the close of the government's case. If the parties cannot agree, each party should submit its own proposed verdict form.

SO ORDERED:

Date: _____
      Washington, DC

We ask for this:

s/_____      s/_____

Geremy C. Kamens,
Federal Public Defender for the      United States Attorney for the
Eastern District of Virginia      District of Columbia

By: _____      By: _____.
Ann Mason Rigby      Erik M. Kenerson
Elizabeth A. Mullin      Jason B.A. McCullough
Assistant Federal Public Defenders – EDVA   Assistant United States Attorneys
Counsel for Defendant Robert Gieswein