UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ROBERT GIESWEIN,

         Defendant.

Crim. Action No. 21-24 (EGS)

**NOTICE OF ADDITIONAL AUTHORITY SUPPORTING MR. GEISWEIN'S MOTION TO DISMISS THE OBSTRUCTION COUNT**

Robert Gieswein, through undersigned counsel, hereby notifies the Court of additional authority in support of his Motion to Dismiss the Obstruction Charge. ECF. No. 60.  Specifically, Judge Nichols recently considered the issue raised in Mr. Gieswein's Motion,[1] that is, whether the conduct Mr. Gieswein and other January 6 defendants have been accused of committing qualifies as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, within the meaning of Section 1512(c)(2). Memorandum Opinion, ECF. No. 72, *United States v. Miller*, 21-CR-119-CJN (hereafter "Miller mem. op.").[2] Judge Nichols held that the conduct alleged in that case does not qualify as obstruction, concluding—as Mr. Gieswein has

---

[1] Mr. Gieswein raised several reasons to dismiss the obstruction charge in his Motion.  He addressed this specific issue at pages 30-34 of his Motion.  Mr. Gieswein respectfully maintains that each of the grounds raised in his Motion support his Motion to Dismiss the Obstruction Count.

[2] Judge Nichols reached the same conclusion in at least one other case to date, *United States v. Fischer*, No. 1:21-cr-00234 (CJN).  Both the *Miller* and *Fischer* opinions are attached hereto as Ex. 1.

argued—that "§1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *Miller* mem. op. at 28. Finding that Miller was not alleged to have taken such action, Judge Nichols dismissed the obstruction count for failing to allege a violation of 18 U.S.C. § 1512 (c)(2).[3]

Likewise, the indictment in this case does not accuse Mr. Gieswein of having taken such action, and the government has never suggested that he did. Accordingly, and for the reasons he has already given in previous filings regarding this charge, Mr. Gieswein respectfully submits that this Court should adopt the reasoning applied by Judge Nichols in *United States v. Miller*, and dismiss Count One of his Indictment.

Respectfully submitted on March 16, 2022.

        **ROBERT GIESWEIN**
        by counsel:

        Geremy C. Kamens
        Federal Public Defender for the
        Eastern District of Virginia

        by:_____s/_____

        Ann Mason Rigby
        DC Bar No. 491902

        Elizabeth A. Mullin
        DC Bar No. 484020

---

[3] Judge Nichols also held that, even assuming *arguendo* that his interpretation was incorrect, at the very least the court would be left with "serious ambiguity in a criminal statute" requiring lenity. *Id.*

Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org