# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>           Defendant. | Crim. Action No. 21-24-1 (EGS) |

## MR. GIESWEIN'S REPLY TO GOVERNMENT ARGUMENTS REGARDING OPINION GRANTING MOTION TO DISMISS OBSTRUCTION COUNT IN <u>UNITED STATES V. MILLER</u>

Robert Gieswein, through undersigned counsel, files this reply in further support of his motion to dismiss Count One the superseding indictment, charging obstruction of justice in violation of 18 U.S.C. § 1512(c), ECF No. 60, and specifically to respond to the government's having filed in this case a copy of its motion to reconsider United States District Judge Nichols's decision dismissing the obstruction count in *United States v. Miller*. *See* ECF No. 117 ("Gov. Supp. Notice of Brief Addressing 18 U.S.C. § 1512(c)(2) and United States v. Miller"); ECF No. 117-1 (copy of Gov. Mot. to Reconsider in United States v. Miller).

For the reasons discussed below, the decision in *United States v. Miller*, No. 21-cr-119 (CJN), ECF No. 73 (hereinafter "*Miller* Opinion"), is not flawed as the government suggests in its motion to reconsider that decision, ECF No. 117-1, and the Court should dismiss Count 1 of the superseding indictment.

**I.     The serious concerns of ambiguity in 18 U.S.C. §1512(c)(2) require the government to specifically allege the offense.**

In its brief, the government asserts that the *Miller* decision is flawed because even under the *Miller* ruling, the government has sufficiently alleged a violation of Section 1512(c)(2) by tracking the provision's "operative statutory text," which leaves intact the theory that Mr. Miller (and by extension, Mr. Gieswein) obstructed an official proceeding by taking some action with respect to a document. *See* ECF No. 117-1 at 2.[1] In making this assertion, the government relies on *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018), where the court stated that "it is generally sufficient that an indictment set forth the offense in the words of the statute itself." In its view, the government thus need not more specifically allege that the obstruction took the form of taking some action with respect to a document because the indictment's allegations mirror the operative statutory text. *Id*. The government is mistaken.

*Williamson* relied on *Hamling v. United States*, 418 U.S. 87, 117 (1974), which held:

---

[1] The government also incorrectly suggests that Judge Nichols made an error when ruling that the ambiguity in Section 1512(c)(2) should be resolved in favor of lenity. *See* Gov. Opp. at 9-11. However, the government fails to point to the alleged erroneous reasoning but rather rehashes why, in its view, the statute does not present grave ambiguity concerns. *Id*. Simply because the government disagrees with Judge Nichols's ruling is not a basis to argue that the court made an error in applying the rule. Regardless, the government's reasoning is not correct for the same reasons stated in *United States v. Miller*, 1-21-cr-119 (CJN), ECF No. 80 (Defendant Opposition to Government's Motion For Reconsideration).

2

> It is *generally s*ufficient that an indictment set forth the offense in the words of the statute itself, *as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity*, set forth all the elements necessary to constitute the offence intended to be punished.

(emphases added). Here, for the reasons discussed in *Miller*, the words of § 1512(c)(2) raise serious ambiguity concerns. *See Miller* Opinion at 28-29. Because of this ambiguity, to ensure that an ambiguous statute does not reach beyond its clear scope, *Miller* properly concluded that § 1512(c)(2) must be interpreted as limited by subsection (c)(1). *Id.* (citing *United States v. Nasir*, 17 F.4th 459, 473 (3d Cir. 2021)). Given the statute's ambiguity, it is not sufficient simply to mirror the statutory text as the government suggests. Therefore, the government's reliance on *Williamson* is misplaced because that case specifically dealt with a statute where there were no concerns of ambiguity.

## II. Mirroring the operative text of the statute is insufficient when the "very core of criminality" under the statute is omitted.

The government suggests that it has done its job to provide fair notice to Gieswein by mirroring the operative "text" of the statute even though, by doing so, it failed to allege any act that § 1512(c)(2) may constitutionally and unambiguously prohibit, as discussed in *Miller*. The government is wrong. An indictment must contain the specific allegation that is pertinent to deciding guilt. *Russell v. United States*, 369 U.S. 749, 757 (1962). In *Russell*, the defendant was charged with 2 U.S.C. 192, 2 U.S.C.A.192, which made it unlawful to refuse to answer any question pertinent to a matter of inquiry under consideration before the House or its committee. *Id.* However, the government did not specify in Russell's indictment the

3

subject that was under inquiry. *Id.* The Supreme Court held the indictment was insufficient, reasoning that:

> The very core of criminality under 2 U.S.C. 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer. What the subject actually was, therefore, is central to every prosecution. *Where guilt depends so crucially upon such a specific identification of fact*, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

*Id*. at 764. (emphasis added). In so ruling, the Supreme Court emphasized that such an omission was not just technical but rather deprived the defendant of notice "of what he must be prepared to meet" and so resulted in prejudice to the defendant. *Id*.

The same is true here. The government's vague indictment is plainly insufficient. The superseding indictment does not allege that Gieswein took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding, which is what the *Miller* court found was required in order to fit the narrow scope of criminal conduct penalized in Section 1512(c)(2). *United States v. Miller*, No. 21-cr-119 (CJN), ECF No. 73 at 28. The indictment thus fails to charge the very "core of criminality" that is central to the statute and the government's case, thereby depriving Gieswein of fair notice and failing to apprise him of what he must be prepared to meet.

### III. If the government's theory of prosecution survives *Miller*, then, at a minimum, a bill of particulars is required.

Pursuant to Federal Rule of Criminal Procedure 7(f), a bill of particulars is needed where the indictment provides insufficient notice of the specific charges against the Defendant. *See United States v. Butler,* 822 F.2d 1191, 1193 (D.C. Cir. 1987). If the government plans to prosecute Gieswein for taking "some action with respect to a document, record, or other object" such as "[f]or example," "boxes carried into the House chamber at the beginning of the Joint Session," or "ballot boxes and other paraphernalia of the proceeding" (ECF No. 117 at 24), then he is entitled to know what that action he allegedly took with respect to what document, record or other object, so that he can (1) understand the charge, (2) prepare a defense, (3) and avoid prejudicial surprise at trial. *Id*.

Given the fact that the discovery in Gieswein's case is devoid of any reference to any action he allegedly took with respect to a document or record, he cannot possibly understand the charge against him and prepare for his defense. The defense has spent countless hours reviewing the discovery the government has spent so much time furnishing and has yet to come across a single indication that Gieswein took any action with respect to any document or record. Accordingly, the Court should dismiss Count One of the superseding indictment for failure to state an offense or lack of specificity. At a minimum, the Court should order the government to produce a bill of particulars.

## CONCLUSION

For the above reasons, the Court should dismiss Count One of the Superseding Indictment.

Respectfully submitted on May 20, 2022.

                                **ROBERT GIESWEIN**
                                by counsel:

                                Geremy C. Kamens
                                Federal Public Defender for the
                                Eastern District of Virginia

                                by:_____s/_____
                                Ann Mason Rigby
                                DC Bar No. 491902
                                Elizabeth A. Mullin
                                DC Bar No. 484020

                                Assistant Federal Public Defenders
                                1650 King Street, Suite 500
                                Alexandria, Virginia 22314
                                Telephone: (703) 600-0800
                                Facsimile: (703) 600-0880
                                ann_rigby@fd.org
                                elizabeth_mullin@fd.org