UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>          Defendant. | Crim. Action No. 21-24 (EGS) |

**NOTICE OF ADDITIONAL AUTHORITY SUPPORTING MR. GEISWEIN'S
MOTION TO DISMISS THE OBSTRUCTION COUNT**

      Robert Gieswein, through undersigned counsel, hereby notifies the Court of additional authority in support of his Motion to Dismiss the Obstruction Charge. ECF. No. 60. Specifically, Judge Nichols recently re-considered the issue raised in Mr. Gieswein's Motion, that is, whether the conduct Mr. Gieswein and other January 6 defendants have been accused of committing qualifies as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, within the meaning of Section 1512(c)(2). Memorandum Opinion, ECF. No. 86, *United States v. Miller*, 21-CR-119-CJN (hereafter "Miller mem. op."), Exhibit 1. This latest opinion provides further support for the position that the conduct alleged in that case does not qualify as obstruction under subsection (c)(2) of § 1512 because that subsection must be interpreted as limited by subsection (c)(1), requiring allegations and proof that the defendant took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding. Finding that

Miller was not alleged to have taken such action with the requisite specificity, Judge Nichols declined to reconsider his dismissal of the obstruction count in that case for failing to allege a violation of 18 U.S.C. § 1512(c)(2).

Likewise, the Superseding Indictment in this case does not accuse Mr. Gieswein of having taken such action, and the government has never suggested that he did. At most, the government has asserted in briefing that Mr. Gieswein's *intent* was "to stop lawmakers from reviewing and considering . . . statutorily and constitutionally mandated documents," specifically the Electoral College votes. ECF No. 73 at 7; *see also* April 22, 2022 Hr'g Tr. at 45-46 (citing this government argument in denial of motion for bill of particulars regarding Count One, ECF No. 59). But "the government has pointed to no *action* alleged in the Indictment's four corners that has a reasonable nexus with a document, record, or other object." Miller mem. op. at 10 (noting that neither briefing nor a bill of particulars could cure an invalid indictment in any case). And "reference to the certification of the Electoral College vote" in the Superseding Indictment, "is only a reference to the *official proceeding* in question." *Id.* at 11 (emphasis added). "It sheds no light on the *actus reus* that" Mr. Gieswein "is alleged to have taken with respect to any document, record, or other object." *Id.*

Mr. Gieswein respectfully requests that this Court adopt the reasoning from Judge Nichols's latest opinion, and find that Count One cannot stand for several reasons, among them the fact that the Superseding Indictment does not allege that Mr. Gieswein took any *action* with respect to any document, record, or other object,

and the Court may not "presume that the grand jury passed judgment on this essential element of the offense." Miller Mem. Op. at 10.

Respectfully submitted on May 31, 2022.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____

Ann Mason Rigby
DC Bar No. 491902

Elizabeth A. Mullin
DC Bar No. 484020

Assistant Federal Public Defenders
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
ann_rigby@fd.org
elizabeth_mullin@fd.org